BRETT A. AXELROD, ESQ.
Nevada Bar No. 5859
MICAELA RUSTIA MOORE, ESQ.
Nevada Bar No. 9676
**FOX ROTHSCHILD LLP**
3800 Howard Hughes Parkway. Suite 500
Las Vegas, Nevada 89169
Telephone: (702) 262-6899
Facsimile: (702) 597-5503
Email: baxelrod@foxrothschild.com
        mmoore@foxrothschild.com

| Electronically Filed March 1, 2012 |

*[Proposed] Counsel for Debtor*

# UNITED STATES BANKRUPTCY COURT

## DISTRICT OF NEVADA

In re

AMERICAN WEST DEVELOPMENT,
INC., a Nevada corporation,

    Debtor.

Case No. BK-S-12-12349-MKN

Chapter 11

**MOTION FOR ORDER APPOINTING
FUTURE CLAIMS REPRESENTATIVE**

Hearing Date:   April 10, 2012
Hearing Time:   9:30 a.m.

American West Development, Inc. ("Debtor"), debtor and debtor in possession in the above-captioned case (the "Chapter 11 Case"), by and through its proposed counsel, the law firm of Fox Rothschild LLP, respectfully submits this motion (the "Motion") for entry of an order, substantially in the form attached hereto as **Exhibit A**, pursuant to sections 105, 524 and 1109 of title 11 of the United States Code (the "Bankruptcy Code"). Debtor seeks to have a legal representative (the "Future Claims Representative") appointed to protect the interests and manage the claims of Future Construction Defect Claimants (as defined below) in this Chapter 11 Case (also defined below).

This Motion is based on the following memorandum of points and authorities, the Omnibus Declaration of Robert M. Evans (the "Omnibus Declaration"), filed in support of Debtor's First Day

1  Motions[1] on March 1, 2012 (the "Petition Date"), the papers and pleadings on file with the Court in this

2  Chapter 11 Case, and any oral arguments the Court may entertain at the hearing on the Motion.

3      WHEREFORE, Debtor requests that the Court enter an Order, substantially in the form attached

4  hereto as **Exhibit A**, appointing a Future Claims Representative to (i) represent the interests of Future

5  Construction Defect Claimants in this Chapter 11 Case, and (ii) administer on behalf of the Future

6  Construction Defect Claimants claims related to unknown future construction defect claims against

7  Debtor's estate, as outlined herein.

8      DATED this 1st day of March 2012.

9                    **FOX ROTHSCHILD LLP**

10                   By   /s/ Brett A. Axelrod
11                       BRETT A. AXELROD, ESQ.
                         Nevada Bar No. 5859
12                       MICAELA RUSTIA MOORE, ESQ.
                         Nevada Bar No. 9676
13                       3800 Howard Hughes Parkway, Suite 500
                         Las Vegas, Nevada 89169
14

15                   *[Proposed] Counsel for Debtor*

16

17              **MEMORANDUM OF LAW**

18              **POINTS AND AUTHORITIES**

19                       **I.**

20                  **JURISDICTION**

21      1.      This Court has jurisdiction to consider and determine this matter pursuant to 28 U.S.C.

22  §§ 157 and 1334.  This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b).

23      2.      Venue in this Court is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

24      3.      The statutory bases for the relief requested herein are Bankruptcy Code sections 105,

25  524 and 1109.

26  ///

27      [1]  Unless otherwise defined herein, all capitalized terms shall have the same meaning ascribed in the
28  Omnibus Declaration.

FOX ROTHSCHILD LLP
3800 Howard Hughes Parkway, Suite 500
Las Vegas, Nevada 89169
(702) 262-6899
(702) 597-5503 (fax)

## II.

## BACKGROUND

4.       On the Petition Date, Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code thereby initiating the Chapter 11 Case.

5.       Debtor is continuing in possession of its property and is operating and managing its business, as debtor in possession, pursuant to Bankruptcy Code sections 1107 and 1108. See generally Chapter 11 Case Docket.

6.       No request has been made for the appointment of a trustee or examiner, and no statutory committee has been appointed. See id.

7.       The factual background relating to Debtor, including its business operations, its capital and debt structure, and the events leading up to the filing of this Chapter 11 Case, is set forth in detail in the Omnibus Declaration and is incorporated for all purposes herein by this reference.

8.       Claims against Debtor arising out of allegations of construction defect in homes and developments built by Debtor are categorized as follows (collectively, the "Construction Defect Claims"):  (i) claims currently in litigation; (ii) claims that have not yet been asserted in litigation but are known to the claimants; and (iii) contingent, unliquidated claims of persons who have not yet asserted claims because they do not yet have claims or have claims that are as yet unknown to them, but who would be members of a potential class of claimants against Debtor for claims asserted at some point in the future.

9.       Individuals holding Construction Defect Claims in category (i) are included in the bankruptcy schedules and statements filed by Debtor on the Petition Date. See Docket No. 1. Individuals holding Construction Defect Claims in categories (ii) and (iii) (such claims collectively, the "Future Construction Defect Claims") comprise, and shall be referred to herein as, the "Future Construction Defect Claimants" for whom Debtor seeks the appointment of a Future Claims Representative by this Motion.  To resolve potential construction defect exposure, Debtor submits that a Future Claims Representative should be appointed to represent that class of homeowners in Clark County, Nevada, whose homes were built by Debtor or Debtor's subsidiaries and may have construction defect claims against Debtor, but who have not yet brought those claims ("Future

FOX ROTHSCHILD LLP
3800 Howard Hughes Parkway, Suite 500
Las Vegas, Nevada 89169
(702) 262-6899
(702) 597-5503 (fax)

Construction Defect Claimants") and are not barred from doing so by any applicable limitations statute.

### III.

### ARGUMENT

The appointment of a Future Claims Representative is appropriate under the circumstances of this Chapter 11 Case to manage Future Construction Defect Claims and to represent the interests of Future Construction Defect Claimants because they are parties in interest who may hold "claims" within the meaning of that term under the Bankruptcy Code and applicable precedent in this jurisdiction and are entitled to representation in this Chapter 11 Case.

**A.    The Future Construction Defect Claimants Hold Claims Under the Bankruptcy Code.**

The Bankruptcy Code has the "broadest possible definition" of "claim," which is designed to ensure that "all legal obligations of the debtor, no matter how remote or contingent, will be able to be dealt with in the bankruptcy case."  See California Dept. Health Services v. Jensen (In re Jensen), 995 F.2d 925, 929 (9th Cir. 1993).  In some cases, courts limit whether a claim can be addressed in a reorganization case in order to prevent the "discharge [of] a creditor's right before a creditor knew or should have known that its rights existed."  Id. at 930.

In Jensen, the Ninth Circuit Court of Appeals adopted the "fair contemplation test" for determining when the relationship between a debtor and a putative creditor gives rise to a claim.  Id. The "fair contemplation test" has been interpreted "as the equivalent of the 'conduct plus' 'prepetition relationship' or Piper Test."  Ritter Ranch Development LLC v. City of Palmdale (In re Ritter Ranch Development, LLC), 255 B.R. 760, 765 (B.A.P. 9th Cir. 2000), quoting Hassanally v. Republic Bank (In re Hassanally), 208 B.R. 26, 52 (B.A.P. 9th Cir. 1997).  Under that test, the Court must focus on the debtor's pre-confirmation conduct to determine if a relationship existed pre-confirmation between an "identifiable claimant or group of claimants and the debtor's pre-confirmation conduct."  Epstein v. Committee of Unsecured Creditors (In re Piper Aircraft), 58 F.3d 1573 (11th Cir. 1995); Hassanally, 208 B.R. at 52; Ritter Ranch, 255 B.R. 765; see also Jensen, 995 F.2d at 930.

In this case, there is a clear relationship between the Future Construction Defect Claimants and Debtor's pre-confirmation conduct.  For example, any individuals asserting construction defect claims

FOX ROTHSCHILD LLP
3800 Howard Hughes Parkway, Suite 500
Las Vegas, Nevada 89169
(702) 262-6899
(702) 597-5503 (fax)

1    against Debtor must necessarily be complaining of alleged acts or omissions that occurred

2    pre-confirmation.

3        Any Future Construction Defect Claimants must, under Nevada law, bring suit for damages

4    caused by construction defects within six years from the date of substantial completion of Debtor's

5    work on the property if the defect is a patent defect, within eight years from the date of substantial

6    completion of Debtor's work on the property if the defect is a latent defect, or within ten years if the

7    defect is a known defect.  See Nevada Revised Statutes §§ 11.203, 11.204 and 11.205.  In the

8    Chapter 11 Case, claims asserted by any current Construction Defect Claimants clearly arose from a

9    pre-confirmation relationship between Debtor and those claimants for the reason set forth above.

10   Likewise, Debtor submits that any defects to be alleged by Future Construction Defect Claimants must

11   necessarily be also based on a pre-confirmation relationship between Debtor and the Future

12   Construction Defect Claimants, based on Debtor's alleged actions and conduct prior to the filing of

13   the Chapter 11 Case.  Accordingly, such claims are provided for in the reorganization plan ("Plan")

14   filed contemporaneously herewith and are appropriately included in the Plan as future claims under

15   the Piper test.

16       The Plan seeks to address both the prepetition and Future Construction Defect Claimants by

17   creating a Construction Defect Trust,[2] which will be funded with assets from Debtor and other sources,

18   such as insurance proceeds, and will provide a mechanism for adjudicating the validity of all

19   Construction Defect Claims that have been or may be asserted against Debtor and for liquidating and

20   adequately compensating those claimants holding such Construction Defect Claims.    Future

21   Construction Defect Claimants have a stake in these Chapter 11 Case, in the Plan confirmation process

22   and in the Plan itself.  Appointment of a Future Claims Representative is, therefore, necessary to enable

23   the Court to render valid and binding judgments against individuals which are determined to be the

24   Future Construction Defect Claimants by enabling them, through a duly appointed representative, to

25   participate in the reorganization process.

26

27        [2]  Capitalized terms used herein that are not otherwise defined herein will have the same meaning
     as contained in the Plan.

28

FOX ROTHSCHILD LLP
3800 Howard Hughes Parkway, Suite 500
Las Vegas, Nevada 89169
(702) 262-6899
(702) 597-5503 (fax)

**B.     Appointment of a Future Claims Representative is Necessary and Proper Under the Circumstances.**

The appointment of a future claims representative to act as the legal representative for and to protect the interests of future construction defect claimants in the chapter 11 case of a debtor facing potential class action tort litigation is well established.  This course of action was pioneered in the asbestos cases and ultimately codified as to asbestos claims under Bankruptcy Code section 524(g), and was also followed in recent cases involving Catholic Church Dioceses, to deal with handling future tort claims belonging to sex abuse victims who had not yet filed claims because they had not yet discovered that they had claims, either because they were still minors at the time of the reorganization or because they had suppressed memories of the alleged abuse.  See, e.g., In re Roman Catholic Archbishop of Portland Or., 339 B.R. 215 (Bankr. D. Or. 2006).

Prior to the enactment of Bankruptcy Code section 524(g), bankruptcy courts routinely appointed future claims representatives as parties in interest pursuant to Bankruptcy Code sections 1109(b)[3] and 105(a).  See In re Johnson-Manville Corp., 36 B.R. 743, 757 (Bankr. S.D.N.Y. 1984) (holding "[f]uture claimants are undeniably parties in interest to these reorganization proceedings pursuant to the broad, flexible definition of that term enunciated by the foregoing authorities. The drafting of 'party in interest' as an elastic concept was designed for just this kind of situation"); In re UNR Industries, Inc., 46 B.R. 671 (Bankr. N.D. Ill. 1985) (finding that '[i]n this unique case with its unique circumstances, it is necessary for the court to exercise its equitable authority to fashion some kind of procedural relief for these putative asbestos disease victims"); see also In re Amatex Corp.; 755 F.2d 1034 (3rd Cir. 1985).

In re Johnson Manville Corp. was one of the first cases to address the appointment of a legal representative for future construction defect claimants.  Upon the request of the debtor, the Manville court determined that appointment of a future claims representative was necessary to effectuate a meaningful Chapter 11 plan and to ensure the viability of the reorganized debtor:

---

[3]  Bankruptcy Code section 1109(b) provides that "A party in interest, including a trustee, a creditors committee, an equity security holders committee, a creditor, an equity security holder, or any indenture trustee, may raise and may appear and be heard in any issue in a case under this chapter."

FOX ROTHSCHILD LLP
3800 Howard Hughes Parkway, Suite 500
Las Vegas, Nevada 89169
(702) 262-6899
(702) 597-5503 (fax)

… future claimants are indeed the central focus of the entire reorganization. Any plan not dealing with their interests precludes a meaningful and effective reorganization and thus enures to the detriment of the reorganization body politic. Any meaningful plan will either provide funding for future claimants directly or provide for the continuation of some form of responsive, ongoing entity post-confirmation, from which to glean assets with which to pay them. If they are denied standing as parties in interest, they will be denied all opportunity either to help design the ship that sails away from these reorganization proceedings with their cargo on board or to assert their interests during a pre-launching distribution. In either event, the direct impact on these claimants will be enormous …

In re Johnson-Manville Corp., 36 B.R. at 749.

Likewise, in this reorganization, Future Construction Defect Claims represent a significant liability which the Plan must confront and address. There may be a class of Future Construction Defect Claimants whose potential future claims must be addressed in the Plan, and whose rights and needs must be balanced as against all other creditors with known or current claims, taking into account Debtor's limited assets. While the exact extent of the universe of Future Construction Defect Claimants is currently unknown, and Debtor believes that their claims may not be significant (and generally deny liability for such Construction Defect Claims), Debtor nevertheless submits that the Future Construction Defect Claimants should be represented by a Future Claims Representative who will bear their interests in mind and ensure that their claims are adequately dealt with in the final Plan. This will allow all currently-existing claims, whether already known by Debtor or part of the group of claims held by Future Construction Defect Claimants, to be dealt with in the final Plan, allowing the reorganized Debtor to move forward free from these contingent liabilities.

The majority of cases appointing an independent representative for future claimants have done so based upon recognition of the potential conflict of interests between present and future claimants. In the Amatex case cited above, the Third Circuit Court of Appeals stated that, "none of the parties currently involved in the reorganization proceedings have interests similar to those of future claimants, and therefore future claimants require their own spokesperson." In re Amatex Corp., 755 F.2d at 1043; see also, In re UNR Industries, Inc., 46 B.R. at 675 (finding that the interests of UNR's future claimants were not adequately represented by the debtor or the official committee of unsecured creditors); In re

VG1 124050v1 03/01/12                    7

1    Johnson-Manville Corp., 36 B.R. at 749 (finding that none of the existing committees of unsecured

2    creditors and present asbestos claimants could represent future claimants).

3          Likewise in the instant Chapter 11 Case, the Future Construction Defect Claimants have unique

4    claims that are separate and distinct from any present creditors, including current Construction Defect

5    Claimants who have already filed suit or otherwise asserted claims arising prior to the Petition Date.

6    Accordingly, the Future Construction Defect Claimants should be represented by a unique Future

7    Claims Representative.  As the Chapter 11 Case unfolds, it will become apparent that Debtor has

8    limited resources from which they can draw to satisfy present and future claims resulting from alleged

9    defects in the construction of residential communities developed by Debtor.  The very purpose of

10   chapter 11 reorganization, and the goal of the Chapter 11 Case, is to attempt to fairly compensate *all*

11   creditors holding claims against Debtor, including all claimants who hold Construction Defect Claims,

12   regardless of whether those claims have already been asserted or could be asserted in the future based

13   upon Debtor's pre-confirmation conduct and pre-confirmation relationships with potential Future

14   Construction Defect Claimants.  In order for the Chapter 11 Case to be successful, a Future Claims

15   Representative must be appointed to represent the interests of all Future Construction Defect Claimants.

16   ///

17   ///

18   ///

19   ///

20   ///

21   ///

22   ///

23   ///

24   ///

25   ///

26   ///

27   ///

28   ///

FOX ROTHSCHILD LLP
3800 Howard Hughes Parkway, Suite 500
Las Vegas, Nevada 89169
(702) 262-6899
(702) 597-5503 (fax)

## III.

## CONCLUSION

WHEREFORE, for all of the foregoing reasons, Debtor respectfully requests that this Court enter an Order, in substantially the form attached hereto as **Exhibit A**:  (i) approving the Motion; (ii) finding that the Future Construction Defect Claimants are parties in interest in the Chapter 11 Case; (iii) appointing a Future Claims Representative on behalf of Future Construction Defect Claimants and authorizing such Future Claims Representative to: (a) make appearances in the Chapter 11 Case, (b) file pleadings in the Chapter 11 Case, and (c) take such other actions or perform such other duties as the Court may authorize on request of the Future Claims Representative, Debtor, or other parties in interest in this Chapter 11 Case; and (4) granting such other relief as the Court deems just and proper under the circumstances.

DATED this 1st day of March 2012.

**FOX ROTHSCHILD LLP**

By___*/s/ Brett A. Axelrod*_____
     BRETT A. AXELROD, ESQ.
     Nevada Bar No. 5859
     MICAELA RUSTIA MOORE, ESQ.
     Nevada Bar No. 9676
     3800 Howard Hughes Parkway, Suite 500
     Las Vegas, Nevada 89169
     *[Proposed] Counsel for Debtor*

FOX ROTHSCHILD LLP
3800 Howard Hughes Parkway, Suite 500
Las Vegas, Nevada 89169
(702) 262-6899
(702) 597-5503 (fax)

# EXHIBIT A

## ** PROPOSED FORM OF ORDER **

BRETT A. AXELROD, ESQ.
Nevada Bar No. 5859
MICAELA RUSTIA MOORE, ESQ.
Nevada Bar No. 9676
**FOX ROTHSCHILD LLP**
3800 Howard Hughes Parkway. Suite 500
Las Vegas, Nevada 89169
Telephone: (702) 262-6899
Facsimile: (702) 597-5503
Email: baxelrod@foxrothschild.com
        mmoore@foxrothschild.com
*[Proposed] Counsel for Debtor*

## UNITED STATES BANKRUPTCY COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| In re | Case No. BK-S-12-12349-MKN |
| AMERICAN WEST DEVELOPMENT, INC., a Nevada corporation, | Chapter 11 |
| Debtor. | **ORDER APPOINTING FUTURE CLAIMS REPRESENTATIVE** |
| | Hearing Date: |
| | Hearing Time: |

The Court, having reviewed and considered the Motion for Order Appointing Future Claims Representative (the "Motion"), filed by American West Development, Inc. ("Debtor") as debtor and debtor in possession in its chapter 11 bankruptcy case captioned above (the "Chapter 11 Case"); the accompanying points and authorities, and having considered the other matters submitted to the Court in connection with the Motion; and the oral arguments of counsel set forth on the record at the hearing on the Motion held at the date and time noted above; with the Court's findings as noted on the record incorporated herein, pursuant to Federal Rules of Civil Procedure 52, made applicable to these proceedings by Federal Rule of Bankruptcy Procedure 7052; and for good cause appearing,

VG1 124050v1 03/01/12

1

**IT IS HEREBY ORDERED THAT:**

1.       The Motion is hereby GRANTED.

2.       The Court hereby appoints a Future Claims Representative[1] in this Chapter 11 Case to represent the interests of all Future Construction Defect Claimants as related to all Future Construction Defect Claims that may be asserted against Debtor, whether those claims are now known or as of yet unknown by claimants, as the Court finds that such Future Construction Defect Claimants are parties in interest in the Chapter 11 Case.

3.       The Future Claims Representative is hereby authorized to act as the representative of Future Construction Defect Claimants in this Chapter 11 Case.  The Future Claims Representative shall have the responsibility and duty to:

(a)  investigate and evaluate the number and extent of potential claims that could be asserted against Debtor by the class of individuals that comprises the Future Construction Defect Claimants;

(b)  employ such experts or other professional persons as may be required in order to best determine such figures;

(c)  file proofs of claim on behalf of such Future Construction Defect Claimants prior to the claims bar date, to be determined by this Court;

(d)  negotiate on behalf of Future Construction Defect Claimants in the formulation, finalization and confirmation of any pending or proposed plan of reorganization;

(e)  advocate the legal position of the Future Construction Defect Claimants in any proceeding before this Court or any appellate court;

(f)  present, as necessary, evidence on any issue affecting the Future Construction Defect Claimants; and

(g)  file such pleadings in this Chapter 11 Case as are necessary and appropriate on behalf of the Future Construction Defect Claimants.

---

[1]  Unless otherwise defined herein, all capitalized terms shall have the same meaning ascribed in the Motion.

FOX ROTHSCHILD LLP
3800 Howard Hughes Parkway, Suite 500
Las Vegas, Nevada 89169
(702) 262-6899
(702) 597-5503 (fax)

VG1 124050v1 03/01/12

2

FOX ROTHSCHILD LLP
3800 Howard Hughes Parkway, Suite 500
Las Vegas, Nevada 89169
(702) 262-6899
(702) 597-5503 (fax)

1    **THEREFORE, IT IS FURTHER ORDERED** that the following individual is appointed as

2    Future Claims Representative:  JAMES L. MOORE

3    **IT IS FURTHER ORDERED** that any interested party shall file any objections to such

4    appointment on or before _____, 2012, and that a hearing on any such objections will be held

5    on _____ at _____ ____.m.

6    **IT IS FURTHER ORDERED** that the Future Claims Representative shall participate in this

7    Chapter 11 Case as a court-appointed professional and shall file all requests for compensation,

8    applications for employment, and all disclosures of disinterestedness pursuant to 11 U.S.C. §§ 327-331

9    and Federal Rules of Bankruptcy Procedure 2014-2017.

10   **IT IS FURTHER ORDERED** that said persons shall be compensated as a cost of

11   administration of the Debtor's estate in the same manner and on the same terms as all other court-

12   appointed professionals.

13   DATED:        _____, 2012.

14

15   Prepared and respectfully submitted by:

16   **FOX ROTHSCHILD LLP**

17   By_____

18        BRETT A. AXELROD, ESQ.
         Nevada Bar No. 5859

19        MICAELA RUSTIA MOORE, ESQ.
         Nevada Bar No. 9676

20        3800 Howard Hughes Parkway, Suite 500
         Las Vegas, Nevada 89169

21

22   *[Proposed] Counsel for Debtor*

23

24

25

26

27

28

APPROVED/DISAPPROVED:

**OFFICE OF THE UNITED STATES TRUSTEE**

By_____
    Athanasios Agelakopoulos, Trial Attorney for
    Acting U.S. Trustee August B. Landis
    Foley Federal Building and U.S. Courthouse
    300 Las Vegas Boulevard South, Suite 4300
    Las Vegas, Nevada 89101

### CERTIFICATION OF COUNSEL PURSUANT TO LOCAL RULE 9021

In accordance with Local Rule 9021, counsel submitting this document certifies as follows:

☐    The Court has waived the requirement of approval in LR 9021(b)(1).

☐    No party appeared at the hearing or filed an objection to the motion

☐    I have delivered a copy of this proposed order to all counsel who appeared at the hearing, any unrepresented parties who appeared at the hearing, and each has approved or disapproved the order, or failed to respond, as indicated below:

    ATHANASIOS AGELAKOPOULOS,   _Approved / Disapproved_
    OFFICE OF THE UNITED STATES
    TRUSTEE

☐    I certify that this is a case under Chapter 7 or 13, that I have served a copy of this order with the motion pursuant to LR 9014(g), and that no party has objected to the form or content of the order.

# # #

FOX ROTHSCHILD LLP
3800 Howard Hughes Parkway, Suite 500
Las Vegas, Nevada 89169
(702) 262-6899
(702) 597-5503 (fax)