

_____
Honorable Lloyd King
United States Bankruptcy Judge

**Entered on Docket**
**July 16, 2012**

BRETT A. AXELROD, ESQ.
Nevada Bar No. 5859
MICAELA RUSTIA MOORE, ESQ.
Nevada Bar No. 9676
**FOX ROTHSCHILD LLP**
3800 Howard Hughes Parkway, Suite 500
Las Vegas, Nevada 89169
Telephone: (702) 262-6899
Facsimile: (702) 597-5503
Email:  baxelrod@foxrothschild.com
        mmoore@foxrothschild.com
*Counsel for Debtor*

FOX ROTHSCHILD LLP
3800 Howard Hughes Parkway, Suite 500
Las Vegas, Nevada 89169
(702) 262-6899
(702) 597-5503 (fax)

**UNITED STATES BANKRUPTCY COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| In re | Case No. BK-S-12-12349-MKN |
| AMERICAN WEST DEVELOPMENT, INC., a Nevada corporation, | Chapter 11 |
|     fdba Castlebay 1, Inc.<br>    fdba Development Management, Inc.<br>    fdba Fairmont 1, Inc.<br>    fdba Glen Eagles 3, Inc.<br>    fdba Heritage 1, Inc.<br>    fdba Inverness 5, Inc.<br>    fdba Kensington 1, Inc.<br>    fdba Kingsbridge 1, Inc.<br>    fdba Promontory Estates, LLC<br>    fdba Promontory Point 4, Inc.<br>    fdba Silverado Springs 1, Inc.<br>    fdba Silverado Springs 2, Inc.<br>    fdba Tradition, Inc.<br>    fdba Windsor 1, Inc. | **ORDER: (I) APPROVING (A) ADEQUACY OF MASTER DISCLOSURE STATEMENT, (B) ADEQUACY AND USE OF HOME OWNER DISCLOSURE STATEMENT AS PLAN SUMMARY, (C) PROCEDURES AND SCHEDULE FOR THE SOLICITATION, SUBMISSION AND TABULATION OF VOTES, (D) FORM AND SCOPE OF NOTICES, AND (E) FORM OF BALLOTS AND RELATED DOCUMENTS; (II) SCHEDULING CONFIRMATION HEARING AND RELATED DEADLINES; AND (III) GRANTING RELATED RELIEF** |
|                         Debtor. | Hearing Date:   July 10, 2012<br>Hearing Time:   1:30 p.m. |

1

VG1 140545v1 07/11/12

The Court, having reviewed and considered the Motion (the "Motion") [Docket No. 265] filed by American West Development, Inc. ( "Debtor"), debtor and debtor in possession in the above-captioned chapter 11 case (the "Chapter 11 Case"), for entry of an order (the "Solicitation Order") pursuant to sections 1125, 1126 and 1128 of title 11 of the United States Code, §§ 101 *et. seq.* (the "Bankruptcy Code"), Rules 2002, 3016, 3017, 3018 and 3020 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rules 3016 and 3018 of the Local Rules of Practice for the United States District Court, District of Nevada (the "Local Rules"): (1) approving (a) the adequacy of the Master Disclosure Statement Prepared In Connection With Debtor's Chapter 11 Plan of Reorganization Dated May 29, 2012, (b) the adequacy of the Short Form Home Owner Disclosure Statement Prepared In Connection With Debtor's Chapter 11 Plan of Reorganization Dated May 29, 2012 (the "Home Owner Disclosure Statement" and together with the Master Disclosure Statement, the "Disclosure Statements") and the use of the Home Owner Disclosure Statement as a summary of Debtor's Chapter 11 Plan of Reorganization dated May 29, 2012 (the "Plan"), (c) the procedures and schedule for the solicitation, submission and tabulation of votes on the Plan (the "Solicitation Procedures"), (d) the form and scope of notices, and (e) the form of ballots and related documents; (2) scheduling the Plan confirmation hearing and related deadlines; and (3) granting related relief; and it appearing that the relief requested is in the best interests of Debtor's estate, its creditors and all other parties in interest; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334; and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having reviewed and considered all other pleadings and evidence submitted by the parties in connection with the Motion; and due and proper notice of the Motion having been provided; and it appearing that no other or further notice need be provided; and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and the Court having considered the oral arguments of counsel at the hearings held on July 10, 2012 (the "Hearing"); and the Court having made findings of fact and conclusions of law on the record, which (to the extent not expressly set forth below) are incorporated herein pursuant to Rule 52 of the Federal Rules of Civil Procedure, made applicable to

FOX ROTHSCHILD LLP
3800 Howard Hughes Parkway, Suite 500
Las Vegas, Nevada 89169
(702) 262-6899
(702) 597-5503 (fax)

VG1 140545v1 07/11/12

these proceedings by Rule 7052 of the Bankruptcy Rules; and good and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that:

1.    The Motion is **GRANTED**.  Capitalized terms used but not defined herein have the meaning set forth in the Solicitation Procedures attached hereto as **Exhibit "A."**

2.    The Home Owner Disclosure Statement is approved as providing adequate information for Home Owners as required by section 1125 of the Bankruptcy Court.

3.    The Home Owner Disclosure Statement is approved for use as a summary of the Plan in accordance with Bankruptcy Rule 3017(d), and Debtor shall not be required to include a copy of the Plan in the Solicitation Package mailed to Home Owners.

4.    The Master Disclosure Statement is approved as providing adequate information for all Eligible Holders who are not Home Owners as required by section 1125 of the Bankruptcy Code.

5.    Prior to sending the Solicitation Packages, Debtor shall update the Home Owner Disclosure Statement and the Master Disclosure Statement with estimates on: (i) the total amount of Class 3 Claims received by the proof of claim bar deadline, (ii) the amount of Class 3 Claims to which Debtor objects, and (iii) the percentage return on Class 3 Claims.

6.    The Solicitation Procedures attached hereto as **Exhibit "A"** are approved as being fair, appropriate and in accordance with the requirements of the Bankruptcy Code, the Bankruptcy Rules and the Local Rules.

7.    The forms of Notices and Ballots attached hereto as **Exhibits "B"** through **"E"** are approved.

8.    Objections to the Plan must be filed and served on or before September 11, 2012 in accordance with the Solicitation Procedures and any other applicable rules to the following parties or their counsel: (a) Debtor and its counsel; (b) the Office of the United States Trustee for the District of Nevada; (c) counsel to the DIP Lender; (d) counsel to Secured Lenders; (e) the governmental agencies required by Local Rule 2002(b) and Bankruptcy Rule 2002(j); (f) all parties listed on the List of Creditors Holding the 20 Largest Unsecured Claims; (g) the Future Claims Representative and his counsel; and (h) any party requesting special notice in the Chapter 11 Case.

FOX ROTHSCHILD LLP
3800 Howard Hughes Parkway, Suite 500
Las Vegas, Nevada 89169
(702) 262-6899
(702) 597-5503 (fax)

VG1 140545v1 07/11/12

9.      The Court shall hold a Confirmation Hearing regarding the Plan on September 25, 2012 at 10:00 a.m. prevailing Pacific Time.

10.     Debtor and GCG are authorized to make non-material and conforming changes (including, but not limited to correcting typographical errors, altering formatting and inserting missing or changed dates) to the Plan, Disclosure Statements and related solicitation documents and forms prior to solicitation.

DATED:      July 11, 2012.

Prepared and respectfully submitted by:

**FOX ROTHSCHILD LLP**

By____ /s/Brett A. Axelrod_____
        BRETT A. AXELROD, ESQ.
        Nevada Bar No. 5859
        MICAELA RUSTIA MOORE, ESQ.
        Nevada Bar No. 9676
        3800 Howard Hughes Parkway, Suite 500
        Las Vegas, Nevada 89169

*Counsel for Debtor*

**APPROVED**/~~DISAPPROVED~~:

**KEMP, JONES & COULTHARD, LLP**

BY____ /s/Michael Gayan_____
        MICHAEL GAYAN, ESQ.
        Nevada Bar No. 11135
        3800 Howard Hughes Parkway, 18th Floor
        Las Vegas, NV 89169

FOX ROTHSCHILD LLP
3800 Howard Hughes Parkway, Suite 500
Las Vegas, Nevada 89169
(702) 262-6899
(702) 597-5503 (fax)

VG1 140545v1 07/11/12

4

## CERTIFICATION OF COUNSEL PURSUANT TO LOCAL RULE 9021

In accordance with Local Rule 9021, counsel submitting this document certifies as follows:

☐ The Court has waived the requirement of approval in LR 9021(b)(1).

☐ No party appeared at the hearing or filed an objection to the motion

☒ I have delivered a copy of this proposed order to all counsel who appeared at the hearing, any unrepresented parties who appeared at the hearing, and each has approved or disapproved the order, or failed to respond, as indicated below:

MICHAEL GAYAN, KEMP,
JONES & COULTHARD, LLP

    Approved

☐ I certify that this is a case under Chapter 7 or 13, that I have served a copy of this order with the motion pursuant to LR 9014(g), and that no party has objected to the form or content of the order.

# # #

FOX ROTHSCHILD LLP
3800 Howard Hughes Parkway, Suite 500
Las Vegas, Nevada 89169
(702) 262-6899
(702) 597-5503 (fax)

VG1 140545v1 07/11/12

**EXHIBIT "A"**

**SOLICITATION PROCEDURES**

These Solicitation Procedures are for use in connection with the Chapter 11 Plan of Reorganization dated May 29, 2012 (the "Plan").  Capitalized terms used but not defined herein have the meaning set forth in the Plan.

## A.    VOTING ELIGIBILITY

**1.    Record Date.**  Pursuant to Bankruptcy Rule 3018, August 10, 2012 shall be the date (the "Record Date") upon which the Holder of a particular Claim as of the Record Date is identified as the party entitled to vote such Claim to accept or reject the Plan.  For purposes of the Record Date, no transfer of Claims pursuant to Bankruptcy Rule 3001 shall be recognized unless (i) documentation evidencing such transfer was filed with the Bankruptcy Court on or before twenty-one (21) days prior to the Record Date; and (ii) no timely objection with respect to such transfer was filed by the transferee.

**2.    Claims Eligible To Vote.**    Debtor will solicit votes to accept or reject the Plan only from the following Classes, which are Impaired under the Plan (the "Impaired Classes"):

- Class 2 Secured Claims

- Class 3 General Unsecured Claims

- Class 4 Construction Defect Claims

Debtor will solicit votes only from the following Holders of Claims in the Impaired Classes ("Eligible Holders"):

(a)    Each Holder of a Claim in an Impaired Class that is listed in Debtor's Schedules (as they may have been amended prior to the Solicitation Date), excluding those Claims that (i) are scheduled as contingent, unliquidated or disputed, or in a $0 or unknown amount, (ii) have been superseded by a timely-filed Proof of Claim, or (iii) have been paid;

(b)    Each Holder of a Claim in an Impaired Class (i) for which a Proof of Claim has been or is deemed to be timely-filed and not withdrawn or disallowed prior to the Solicitation Date (as defined below), as reflected on the Claims Register, and (ii) as to which no objection has been filed prior to the Solicitation Date;

(c)    Any Holder of a Claim in an Impaired Class (i) for which a Proof of Claim has been or is deemed to be timely-filed and not withdrawn or disallowed prior to the Solicitation Date, as reflected on the Claims Register, (ii) as to which an objection has been filed prior to the Solicitation Date, and (iii) which has been allowed, whether temporarily for voting purposes or otherwise, by order of the Bankruptcy Court; and

(d)    Any other Holder of a Claim in an Impaired Class that is determined to be eligible to vote to accept or reject the Plan either by (i) agreement of Debtor, or (ii) order of the Bankruptcy Court.

VG1 135872v1 05/29/12

FOX ROTHSCHILD LLP
3800 Howard Hughes Parkway, Suite 500
Las Vegas, Nevada 89169
(702) 262-6899
(702) 597-5503 (fax)

3.    **Amount of Claims for Voting Purposes.**    Eligible Holders of Claims in Impaired Classes shall be allowed to vote their Claims in:

(a)    The amount listed in Debtor's Schedules (as they may have been amended prior to the Solicitation Date) for any Claim that (i) is not scheduled as contingent, unliquidated or disputed, (ii) has not been superseded by a timely-filed Proof of Claim, and (iii) has not been paid;

(b)    The liquidated amount set forth in a Proof of Claim filed by an Eligible Holder (i) that has been or is deemed to be timely-filed and not withdrawn or disallowed prior to the Solicitation Date, as reflected on the Claims Register, and (ii) as to which no objection has been filed prior to the Solicitation Date;

(c)    The amount of $1 for a Proof of Claim (i) that has been or is deemed to be timely-filed by an Eligible Holder and not withdrawn or disallowed prior to the Solicitation Date, as reflected on the Claims Register, (ii) that does not set forth a liquidated amount or is contingent or in a $0 amount, (iii) as to which no objection has been filed prior to the Solicitation Date;

(d)    The amount, if any, agreed to be allowed by Debtor or ordered to be allowed by the Bankruptcy Court (whether temporarily for voting purposes or otherwise) for a Claim as to which (i) a Proof of Claim has been or is deemed to be timely-filed and not withdrawn or disallowed prior to the Solicitation Date, as reflected on the Claims Register, and (ii) an objection has been filed prior to the Solicitation Date; or

(e)    Such other amount agreed by Debtor or ordered by the Bankruptcy Court.

4.    **Reservation of Rights re: Estimation and/or Designation; Limited Effect.** Nothing herein shall be a waiver or otherwise limit the rights of Debtor, at any time, to seek an order of the Bankruptcy Court (a) estimating the amount of any Claim, whether for voting purposes or otherwise, or (b) designating a Claim pursuant to section 1126(e) of the Bankruptcy Code.

Any determination, statement or action regarding the status of an Eligible Holder or amount of claim for voting purposes shall be applicable only with respect to whether and the extent to which a party's Claim may be voted to accept or reject the Plan and not for purposes of distribution under the Plan or otherwise unless specifically agreed by the parties or ordered by the Bankruptcy Court.

B.    **NOTICING**

1.    **The Confirmation Hearing Notice**. On or before the Solicitation Date, Debtor shall send the Confirmation Hearing Notice via U.S. Mail to:

(a)    the Office of the United States Trustee;

(b)    counsel to the Administrative Agent;

(c)    the governmental agencies required by Local Rule 2002(b) and Bankruptcy Rule 2002(j);

(d)    counsel to the DIP Lender;

FOX ROTHSCHILD LLP
3800 Howard Hughes Parkway, Suite 500
Las Vegas, Nevada 89169
(702) 262-6899
(702) 597-5503 (fax)

VG1 135872v1 05/29/12

2

(e)    the Future Claims Representative and his counsel;

(f)    all parties who have requested special notice in the Chapter 11 Case pursuant to Bankruptcy Rule 2002;

(g)    all Creditors listed in Debtor's Schedules;

(h)    all Creditors listed in Debtor's master mailing matrices; and

(i)    any other entity that has filed a Proof of Claim or request for allowance and/or payment of Administrative Claim in the Chapter 11 Case as of the Solicitation Date.

The Confirmation Hearing Notice shall be in the form attached as **Exhibit "B"** to the Bankruptcy Court's order approving these Solicitation Procedures (the "Solicitation Order").

For Eligible Holders, the Confirmation Hearing Notice shall be included in the Solicitation Package (defined below).

Debtor also shall publish the Confirmation Hearing Notice (in a form substantially similar to the one mailed) once in the *Wall Street Journal* and in the *Las Vegas Review-Journal* on a date that is not less than five (5) days after the Solicitation Date.

**2.    Notice of Non-Voting Status.**    Debtor shall not solicit votes to accept or reject the Plan from the Holders of unclassified Claims (Administrative Claims and Priority Tax Claims) and Claims in Unimpaired Classes (Class 1 Other Priority Claims and Class 5 Bond Claims), which are deemed to accept the Plan unanimously pursuant to section 1126(f) of the Bankruptcy Code. Debtor also shall not solicit votes to accept or reject the Plan from Holders of Interests, which are deemed to reject the Plan unanimously pursuant to section 1126(g) of the Bankruptcy Code.

On or before the Solicitation Date, Debtor shall send via U.S. Mail a Notice of Non-Voting Status to the parties listed in the foregoing paragraph (excluding any affiliates of Debtor). The Notice of Non-Voting Status shall be in the form attached to the Solicitation Order as **Exhibit "C."**

**3.    The Solicitation Packages.**    Debtor shall prepare separate packages of solicitation materials (the "Solicitation Packages") for (a) Eligible Holders whose Claim is based on their purchase or ownership of a residence from Debtor ("Home Owners"), and (b) all other Eligible Holders.

Debtor shall send to Home Owners a solicitation package consisting of:

(i)    the Short Form Home Owner Disclosure Statement Prepared In Connection With Debtor's Chapter 11 Plan Of Reorganization Dated May 29, 2012;

(ii)    a Class 3 and/or Class 4 Ballot;

(iii)    the Confirmation Hearing Notice.

Debtor shall send to all other Eligible Holders (other than Home Owners) a solicitation package consisting of:

FOX ROTHSCHILD LLP
3800 Howard Hughes Parkway, Suite 500
Las Vegas, Nevada 89169
(702) 262-6899
(702) 597-5503 (fax)

(i)     the Master Disclosure Statement Prepared In Connection With Debtor's Chapter 11 Plan Of Reorganization dated May 29, 2012 (which includes a copy of the Plan attached as an exhibit);

(ii)    the Solicitation Order (including these Solicitation Procedures attached as **Exhibit "A"** but excluding the remaining exhibits thereto)

(iii)   a Class 2 and/or Class 3 Ballot; and

(iv)   the Confirmation Hearing Notice.

The Ballots for Classes 2, 3 and 4 shall be in the forms attached to the Solicitation Order as **Exhibit "D."**

Some or all of the Solicitation Packages may consist of a CD-ROM or other electronic media in lieu of a paper hardcopy, so long as they also include instructions on how to obtain a paper hardcopy should the Eligible Holder desire to do so.

The Solicitation Packages shall be sent via U.S. Mail not later than August 14, 2012 (the "Solicitation Date") to Eligible Holders as of such date. To the extent a party becomes an Eligible Holder subsequent to the Solicitation Date, Debtor shall promptly cause a Solicitation Package to be transmitted by whatever method is reasonable and cost effective under the circumstances.

**4.**    **Disputed Claim Notice.**    On or before the Solicitation Date, Debtor shall send a Disputed Claim Notice via U.S. Mail to any Holder (i) of a Claim as to which an objection was filed prior to the Solicitation Date and remained unresolved as of the Solicitation Date, and (ii) that would otherwise be an Eligible Holder but for such objection. The Disputed Claim Notice shall be in the form attached as **Exhibit "E"** to the Solicitation Order.

**5.**    **Addresses.**    Debtor shall mail Notices and/or Solicitation Packages, as applicable to:

(a) the address listed in the Schedules for any Claim that has not been superseded by a timely-filed Proof of Claim;

(b) the address listed in a timely-filed Proof of Claim or request for allowance and/or payment of Administrative Claim; or

(c) the address listed in Debtor's books and records for any party that (i) does not have a Claim listed in the Schedules, and (ii) has not filed a Proof of Claim or request for allowance and/or payment of Administrative Claim.

**6.**    **Undeliverable Mail.**    Notwithstanding the foregoing, Debtor shall not be required to mail any notice or Solicitation Package to any address to which notice of the Disclosure Statement Hearing was sent and such notice was returned as undeliverable, unless Debtor is provided with or otherwise locates a current address on or before the date that is ten (10) business days prior to the Solicitation Date. This provision shall not affect an Eligible Holder's right to vote to accept or reject the Plan, but merely serves to limit Debtor's obligation to provide notices and other materials. Debtor need not re-mail undelivered Solicitation Packages or other undeliverable solicitation-related notices that were returned marked "undeliverable" or "moved – no forwarding address" or for a similar reason, unless Debtor has been informed in writing by such person of that person's new address.

FOX ROTHSCHILD LLP
3800 Howard Hughes Parkway, Suite 500
Las Vegas, Nevada 89169
(702) 262-6899
(702) 597-5503 (fax)

4

**7.    The Plan Supplement.**    Debtor will file a complete version of the Plan Supplement on or before September 14, 2012.  Based on the volume of such materials, Debtor shall not be required to serve copies of the Plan Supplement.  The Confirmation Hearing Notice will include information regarding the date the Plan Supplement will be filed and how to obtain copies from The Garden City Group ("GCG").  **PLEASE NOTE THAT GCG IS NOT AUTHORIZED TO, AND WILL NOT, PROVIDE LEGAL ADVICE.**

## C.    SUBMISSION AND TABULATION OF VOTES

**1.    Completion of Ballots.**    Eligible Holders must vote all of their Claims within a particular Class either to accept or reject the Plan and may not split any votes.  A person signing a Ballot in the capacity of trustee, executor, administrator, guardian, attorney in fact, officer of a corporation, or otherwise acting in a fiduciary or representative capacity must indicate such capacity when signing and, if required or requested by Debtor, must submit proper evidence to demonstrate such person's authority.

Eligible Holders of Class 4 Construction Defect Claims must either (i) vote to accept the Plan and make the Cash Out Election, (ii) vote to accept the Plan but decline the Cash Out Election, or (iii) vote to reject the Plan.  Eligible Holders of Class 4 Construction Defect Claims may not vote to reject the Plan and make the Cash Out Election.

**2.    Submission of Ballots; Voting Deadline.**    In order to be counted as votes to accept or reject the Plan, all Ballots must be properly executed, completed and delivered to GCG by using the return envelope provided or by delivery via (a) first class mail, (b) overnight courier or other priority mail, or (c) personal delivery.  **Ballots may NOT be delivered via facsimile or electronic mail— Ballots sent via facsimile or electronic mail will NOT be counted.**

No completed Ballot should be sent to Debtor, Debtor's professionals (other than GCG) or any other party.

**The deadline for Ballots to be received by GCG is 3:00 p.m. (prevailing Pacific Time) on September 11, 2012.**

The method of delivery of Ballots to GCG by an Eligible Holder is at the election and risk of each Eligible Holder, and a Ballot will be considered delivered only when GCG actually receives an executed Ballot via one of the permitted forms of transmission.

**3.    Tabulation of Ballots.**    Debtor shall tabulate all Ballots received as follows:

(a)    GCG will date and time-stamp all Ballots as and when received;

(b)    Ballots received after the Voting Deadline shall be rejected and not counted unless otherwise agreed by Debtor or ordered by the Bankruptcy Court;

(c)    If multiple Ballots are received prior to the Voting Deadline from the same Eligible Holder with respect to the same Claim in an Impaired Class, then the last valid Ballot timely received shall be the only Ballot counted and shall supersede all such prior Ballots;

FOX ROTHSCHILD LLP
3800 Howard Hughes Parkway, Suite 500
Las Vegas, Nevada 89169
(702) 262-6899
(702) 597-5503 (fax)

(d) Each Holder of more than one Claim in the same Impaired Class shall be treated for vote tabulation purposes (i.e. numerosity) as if such holder has only one (1) Claim in the applicable Class with a total dollar amount equal to the sum of the aggregated Claims of such Holder in such Class;

(e) Eligible Holders must vote all of their claims within a particular Impaired Class either to accept or reject the Plan and may not split votes for a particular Claim or within a particular Impaired Class;

(f) If an Eligible Holder purports to split its vote for a particular Claim, or to split votes for Claims in an Impaired Class (i.e. certain Claims to accept and certain Claims to reject the Plan), then all such Claims shall be deemed to be voted to accept the Plan;

(g) If an Eligible Holder submits a Ballot that does not indicate whether the Claim is being voted to accept or reject the Plan, or that purports to both accept and reject the Plan, then such Claim shall be deemed to be voted to accept the Plan;

(h) If an Eligible Holder of a Class 4 Construction Defect Claim purports to vote to reject the Plan but still make the Cash Out Election, or to abstain from voting to accept or reject the Plan but still make the Cash Out Election, then such Claim shall be deemed to be voted to accept the Plan;

(i) Subject to contrary order of the Bankruptcy Court, Debtor and GCG shall have the exclusive right to apply these Solicitation Procedures to the tabulation of Ballots;

(j) Subject to contrary order of the Bankruptcy Court, Debtor may waive any defects or irregularities as to any particular Ballot in its sole discretion, at any time either before or after the Voting Deadline;

(k) Eligible Holders may cure any irregularities or deficiencies in a submitted Ballot prior to the Voting Deadline by submitting a corrected Ballot in accordance with the Ballot submission requirements set forth herein;

(l) Within five (5) days prior to the Confirmation Hearing, GCG shall file with the Bankruptcy Court a voting report (the "Voting Report"), which shall, among other things, list by Class (i) Ballots voted to accept the Plan, (ii) Ballots voted to reject the Plan, (iii) Class 4 Construction Defect Claims for which the Cash Out Election was made, (iv) Ballots that do not conform to these procedures or that contain any form of irregularity including, but not limited to, Ballots that are late, illegible (in whole or in material part), unidentifiable, lacking signatures or necessary information, damaged, or submitted by a party that is not an Eligible Holder; and

(m) Debtor shall not be under any duty to provide notification of defects or irregularities with respect to submitted Ballots other than as provided in the Voting Report.

FOX ROTHSCHILD LLP
3800 Howard Hughes Parkway, Suite 500
Las Vegas, Nevada 89169
(702) 262-6899
(702) 597-5503 (fax)

Determinations regarding the tabulation of Ballots shall be applicable only with respect to whether and the extent to which an Eligible Holder's Claim in an Impaired Class is voted to accept or reject the Plan and not for purposes of distribution under the Plan or otherwise.

**D.     CONFIRMATION HEARING**

The Confirmation Hearing is scheduled for **September 25, 2012 at 10:00 a.m. (prevailing Pacific Time)**.  The Confirmation Hearing may be continued from time to time as announced in open court and no further notice of such continuance shall be provided.

The deadline to object to the Plan is **September 11, 2012** (the "Objection Deadline").  To be considered by the Bankruptcy Court, an objection to the Plan must:

(a) be in writing;

(b) conform to the Bankruptcy Rules and the Local Rules;

(c) state the name and address of the objecting party and the amount and nature of any Claim or Interest of such party;

(d) state with particularity the basis and nature of such objection and, if practicable, a proposed modification to the Plan that would resolve such objection; and

(e) be filed with the Bankruptcy Court and served on or before the Objection Deadline to the following parties or their counsel:

(i) Debtor and its counsel;

(ii) the Office of the United States Trustee for the District of Nevada;

(iii) counsel to the DIP Lender;

(iv) counsel to Secured Lenders;

(v) the governmental agencies required by Local Rule 2002(b) and Bankruptcy Rule 2002(j);

(vi) all parties listed on the List of Creditors Holding the 20 Largest Unsecured Claims;

(vii) the Future Claims Representative and his counsel; and

(viii) any party requesting special notice in the Chapter 11 Case.

On or before September 18, 2012, Debtor shall file its memorandum in support of confirmation of the Plan, which shall include any reply to any timely-filed objection(s).

Debtor expressly reserves the right to amend from time to time the terms of the Plan.

FOX ROTHSCHILD LLP
3800 Howard Hughes Parkway, Suite 500
Las Vegas, Nevada 89169
(702) 262-6899
(702) 597-5503 (fax)

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**EXHIBIT "B"**

**CONFIRMATION HEARING NOTICE**

FOX ROTHSCHILD LLP
3800 Howard Hughes Parkway, Suite 500
Las Vegas, Nevada 89169
(702) 262-6899
(702) 597-5503 (fax)

VG1 135872v1 05/29/12

1

**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF NEVADA**

| | |
|---|---|
| In re: | Case No.  BK-S-12-12349-MKN |
| AMERICAN WEST DEVELOPMENT, INC., a Nevada corporation. | Chapter 11 |
|     fdba Castlebay 1, Inc.<br>    fdba Development Management, Inc.<br>    fdba Fairmont 1, Inc.<br>    fdba Glen Eagles 3, Inc.<br>    fdba Heritage 1, Inc.<br>    fdba Inverness 5, Inc.<br>    fdba Kensington 1, Inc.<br>    fdba Kingsbridge 1, Inc.<br>    fdba Promontory Estates, LLC<br>    fdba Promontory Point 4, Inc.<br>    fdba Silverado Springs 1, Inc.<br>    fdba Silverado Springs 2, Inc.<br>    fdba Tradition, Inc.<br>    fdba Windsor 1, Inc.<br>               Debtor. | **NOTICE OF CONFIRMATION HEARING, OBJECTION DEADLINE AND RELATED MATTERS FOR DEBTOR'S CHAPTER 11 PLAN OF REORGANIZATION DATED MAY 29, 2012, INCLUDING INJUNCTIONS CONTAINED THEREIN**<br><br>Confirmation Hearing Date:  September 25, 2012<br>Confirmation Hearing Time:  10:00 a.m. |

       **PLEASE TAKE NOTICE** that on _____, 2012, the United States Bankruptcy Court for the District of Nevada (the "<u>Bankruptcy Court</u>") entered an order (the "<u>Solicitation Order</u>") (i) approving the adequacy of the Master Disclosure Statement Prepared In Connection With Debtor's Chapter 11 Plan of Reorganization Dated May 29, 2012 (the "<u>Master Disclosure Statement</u>") and the Short Form Home Owner Disclosure Statement Prepared In Connection With Debtor's Chapter 11 Plan of Reorganization Dated May 29, 2012 (the "<u>Home Owner Disclosure Statement</u>" and together with the Master Disclosure Statement, the "<u>Disclosure Statements</u>"), (ii) approving certain procedures, deadlines and forms for the use by American West Development, Inc. ("<u>AWDI</u>"), debtor and debtor in possession ("<u>Debtor</u>") in the above-captioned chapter 11 case (the "<u>Chapter 11 Case</u>"), in soliciting votes to accept or reject Debtor's Chapter 11 Plan of Reorganization dated May 29, 2012 (the "<u>Plan</u>"), and (iii) granting related relief.

       **PLEASE TAKE FURTHER NOTICE** that a hearing to confirm the Plan (the "<u>Confirmation Hearing</u>") will commence at **10:00 a.m. Prevailing Pacific Time on September 25, 2012 before the Honorable Mike K. Nakagawa, United States Bankruptcy Judge, located at Courtroom 2, Foley Federal Building and U.S. Courthouse, 300 Las Vegas Blvd South, Las Vegas, Nevada 89101**.  The Confirmation Hearing may be continued from time to time by announcing such continuance in open court or otherwise, without further notice to parties in interest.  The Bankruptcy Court, in its discretion, may impose certain procedural rules governing the Confirmation Hearing.

       **PLEASE TAKE FURTHER NOTICE** that the deadline to file and serve objections to confirmation of the Plan is **September 11, 2012** (the "<u>Objection Deadline</u>").  Any objection to the Plan must, <u>by no later than the Objection Deadline</u>: (a) be in writing; (b) conform to the Bankruptcy Rules and the Local Rules; (c) state the name and address of the objecting party and the amount and nature of any Claim or Interest of such party; (d) state with particularity the basis and nature of such objection and, if practicable, a proposed modification to the Plan that would resolve such objection; (e) be filed with the Bankruptcy Court; and (f) served on the following parties (the "<u>Notice Parties</u>"):

       a.    <u>The Office of the United States Trustee</u>: The Office of the United States Trustee, Attn: Athanasios Agelakopoulos, 300 Las Vegas Boulevard South, Suite 4300, Las Vegas, Nevada 89101, facsimile: (702) 388-6658, email: athanasios.agelakopoulos@usdoj.gov;

       b.    <u>Debtor</u>: American West Development, Inc., Attn: Robert M. Evans, 250 Pilot Road, Suite 140 Las Vegas NV 89119;

       c.    <u>Debtor's Counsel</u>: Fox Rothschild LLP, Attn: Brett A. Axelrod, Esq., 3800 Howard Hughes Parkway, Suite 500, Las Vegas, Nevada 89169, facsimile: (702) 597-5503, email: baxelrod@foxrothschild.com;

       d.    <u>Counsel to Debtor's Secured Lenders</u>: Snell & Wilmer L.L.P., Attn: Donald F. Ennis, Esq., One

Arizona Center, 400 East Van Buren, Phoenix, Arizona 85004-2202, facsimile (602) 382.6070, email: dfennis@swlaw.com;

        e.    <u>Counsel to the DIP Lender</u>: The Lubbers Law Group, Attn: Edward C. Lubbers, Esq., 2500 West Sahara Avenue, Suite 206, Las Vegas, NV 89102;

        f.    <u>The Future Claims Representative</u>: James L. Moore, 31 Skybird Court, Las Vegas, NV 89135;

        g.    <u>Counsel for the Future Claims Representative</u>: Field Law Ltd., Attn: Mitchell D. Stipp, Esq., 10120 W. Flamingo Rd., Suite 4-124, Las Vegas, Nevada 89147, facsimile (702) 483-6283, email: mitchell.stipp@yahoo.com

        h.    all parties listed on the List of Creditors Holding the 20 Largest Unsecured Claims;

        i.    the governmental agencies required by Local Rule 2002(b) and Bankruptcy Rule 2002(j); and

        j.    any party requesting special notice in the Chapter 11 Case.[1]

---

If you object to the relief requested, you ***must*** file a **WRITTEN** response to this pleading with the court. You ***must*** also serve your written response on the person who sent you this notice.

<u>If you do not file a written response</u> with the court, or <u>if you do not serve your written response</u> on the person who sent you this notice, then:

    •    The court may ***refuse to allow you to speak*** at the scheduled hearing; and

    •    The court may ***rule against you*** without formally calling the matter at the hearing.

---

    **PLEASE TAKE FURTHER NOTICE** that any reply to an objection or other response to the Plan must be in writing and must, by September 18, 2012, be (1) filed with the Court; (2) delivered to the chambers of the Honorable Mike K. Nakagawa, Chief United States Bankruptcy Judge; (3) served on the Notice Parties; and (4) served on any party that has filed an objection to the Plan.

    **PLEASE TAKE FURTHER NOTICE** that courtesy copies must be delivered to the clerk's office at the Foley Federal Building and U.S. Courthouse, 300 Las Vegas Blvd South, Las Vegas, Nevada 89101, within 2 business days of the filing of any document(s).

    **PLEASE TAKE FURTHER NOTICE** that pursuant to the Solicitation Order, the Bankruptcy Court approved the Solicitation Procedures attached as Exhibit "A" to the Solicitation Order. The Solicitation Procedures govern various important aspects of the means by which Debtor will solicit votes on and seek confirmation of the Plan. The Solicitation Procedures generally cover the following four main topics: (A) <u>Voting Eligibility</u> (Establishment of the Record Date, Identification of Claims Eligible to Vote, Identification of Eligible Holders, Determination of Amount of Claims for Voting Purposes and Reservation of Rights re: Estimation and/or Designation); (B) <u>Noticing</u> (The Confirmation Hearing Notice, Notice of Non-Voting Status, Solicitation Packages, Disputed Claim Notice, Addresses, Undeliverable Mail and the Plan Supplement); (C) <u>Submission and Tabulation of Votes</u> (Voting Deadline; Completion, Submission and Tabulation of Ballots); and (D) <u>Confirmation Hearing</u> (Confirmation Hearing and Objection Deadline).

    **PLEASE TAKE FURTHER NOTICE** that in addition to the binding effect of the Plan to be imparted pursuant to section 1141 of the Bankruptcy Code on all Creditors and Holders of Interests, **the Plan also provides for certain injunctions, which include the following**:

    •    **Injunction Against Releasors: Section 12.5(a) of the Plan enjoins Releasors from taking various actions against Releasees in respect of Released Liabilities. The Releasors and the Releasees both consist of: (a) Debtor and its Estate; (b) each member of any Statutory Committee; (c) Reorganized Debtor; (d) the DIP Lender; (e) the Distribution Agent; (f) the Futures Representative; (g) Professionals; and (h) the respective Related Persons of each of the foregoing. To be a Released Liability, the liability must have**

---

[1]  A service list identifying the parties described in clauses h, i, and j may be obtained on www.awdevelopmentreorg.com or sending a written request to Debtor's counsel at pkois@foxrothschild.com.

arisen prior to the Effective Date and must relate to Debtor, the Plan or the Chapter 11 Case.

- **Injunction Protective Exculpation of Releasees.**  Section 12.5(b) of the Plan enjoins all Holders of Claims against or Interests in Debtor and any other parties-in-interest, along with any of their Representatives and any of their successors or assigns, from taking various actions against Releasees that would be in contravention of the exculpation provisions set forth in section 12.3 of the Plan.
- **Injunction Against Interference  With Plan.**  Section 12.5(c) of the Plan enjoins all Holders of Claims against or Interests in Debtor and their respective Representatives and any of their successors or assigns from taking any actions to interfere with the implementation or consummation of the Plan.
- **Injunction Channeling Construction Defect Claims**: Section 12.5(d) of the Plan enjoins all Persons from taking any actions against or affecting Reorganized Debtor or its Affiliates, Debtor or its Affiliates, the Estate, the Assets, the Distribution Agent, the Professionals and any of their Related Persons or their respective assets and property for the purposes of, directly or indirectly, collecting, recovering or receiving payment of, on or with respect to any Construction Defect Claims, regardless of when such Claims are deemed to arise, all of which will be channeled to the Construction Defect Trust.

PLEASE TAKE FURTHER NOTICE that Debtor will file a complete version of the Plan Supplement on or before September 14, 2012.   Thereafter, the Plan Supplement will be available online at http://www.awdevelopmentreorg.com.  If you would like to request a hard copy of the Plan Supplement, then you may do so as set forth below.  Pursuant to the Solicitation Order, Debtor is not required to serve copies of the Plan Supplement on parties other than those who specifically request a copy in writing.

PLEASE TAKE FURTHER NOTICE that copies of the Plan, either or both of the Disclosure Statements, the Plan Supplement, and other documents can be obtained online at http://www.awdevelopmentreorg.com or upon request from **AW Bankruptcy Administration, c/o GCG, PO Box 9748, Dublin, OH 43017-5648; Telephone Hotline: (877) 604-9532.  PLEASE NOTE THAT GCG IS NOT AUTHORIZED TO, AND WILL NOT, PROVIDE LEGAL ADVICE.**

Dated: _____, 2012          **FOX ROTHSCHILD LLP**

By_____

BRETT A. AXELROD, ESQ. (Nevada Bar No. 5859)
MICAELA RUSTIA MOORE, ESQ. (Nevada Bar No. 9676)
3800 Howard Hughes Parkway, Suite 500
Las Vegas, Nevada 89169
*Counsel for Debtor*

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

FOX ROTHSCHILD LLP
3800 Howard Hughes Parkway, Suite 500
Las Vegas, Nevada 89169
(702) 262-6899
(702) 597-5503 (fax)

**EXHIBIT "C"**

**NOTICE OF NON-VOTING STATUS**

1

**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF NEVADA**

In re:

AMERICAN WEST DEVELOPMENT, INC., a
Nevada corporation,

     fdba Castlebay 1, Inc.
     fdba Development Management, Inc.
     fdba Fairmont 1, Inc.
     fdba Glen Eagles 3, Inc.
     fdba Heritage 1, Inc.
     fdba Inverness 5, Inc.
     fdba Kensington 1, Inc.
     fdba Kingsbridge 1, Inc.
     fdba Promontory Estates, LLC
     fdba Promontory Point 4, Inc.
     fdba Silverado Springs 1, Inc.
     fdba Silverado Springs 2, Inc.
     fdba Tradition, Inc.
     fdba Windsor 1, Inc.

                    Debtor.

Case No.  BK-S-12-12349-MKN

Chapter 11

## NOTICE OF NON-VOTING STATUS

      **PLEASE TAKE NOTICE** that on _____, 2012, the United States Bankruptcy Court for the District of Nevada (the "Bankruptcy Court") entered an order (the "Solicitation Order") (i) approving the adequacy of the Disclosure Statements, (ii) approving certain procedures, deadlines and forms for the use by American West Development, Inc. ("AWDI"), debtor and debtor in possession ("Debtor") in the above-captioned chapter 11 case (the "Chapter 11 Case"), in soliciting votes to accept or reject Debtor's Chapter 11 Plan of Reorganization Dated May 29, 2012 (the "Plan"), and (iii) granting related relief.

      **PLEASE TAKE FURTHER NOTICE** that pursuant to the Solicitation Order, the Bankruptcy Court approved the Solicitation Procedures attached as **Exhibit "A"** to the Solicitation Order.  The Solicitation Procedures govern various important aspects of the means by which Debtor will solicit votes on and seek confirmation of the Plan.

      **PLEASE TAKE FURTHER NOTICE** that pursuant to the Solicitation Procedures, Debtor will not solicit votes to accept or reject the Plan from: (i) the Holders of unclassified Claims (Administrative Claims and Priority Tax Claims); (ii) Claims in Unimpaired Classes (Class 1 Other Priority Claims and Class 5 Bond Claims), which are deemed to accept the Plan unanimously pursuant to section 1126(f) of the Bankruptcy Code; and (iii) Holders of Interests, which are deemed to reject the Plan unanimously pursuant to section 1126(g) of the Bankruptcy Code.

      <u>**You are receiving this notice because the claims register, Debtor's books and records and/or the record in the Chapter 11 Case indicates that you are the Holder of a Claim or an Interest that falls into one of the three preceding categories.  As such, this Notice is being sent to you for informational purposes only and not to solicit your vote on the Plan.**</u>

      **PLEASE TAKE FURTHER NOTICE** that copies of the Plan, either or both of the Disclosure Statement, the Plan Supplement, and other documents can be obtained online at http://www.awdevelopmentreorg.com or upon request from **AW Bankruptcy Administration, c/o GCG, PO Box 9748, Dublin, OH 43017-5648; Telephone Hotline: (877) 604-9532**.  **PLEASE NOTE THAT GCG IS NOT AUTHORIZED TO, AND WILL NOT, PROVIDE LEGAL ADVICE.**

Dated: _____, 2012

**FOX ROTHSCHILD LLP**

By_____

     BRETT A. AXELROD, ESQ. (Nevada Bar No. 5859)
     MICAELA RUSTIA MOORE, ESQ. (Nevada Bar No. 9676)
     3800 Howard Hughes Parkway, Suite 500
     Las Vegas, Nevada 89169
     *Counsel for Debtor*

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

FOX ROTHSCHILD LLP
3800 Howard Hughes Parkway, Suite 500
Las Vegas, Nevada 89169
(702) 262-6899
(702) 597-5503 (fax)

**EXHIBIT "D"**

**BALLOT FORMS (CLASSES 2, 3 AND 4)**

**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF NEVADA**

| | |
|---|---|
| In re:<br><br>AMERICAN WEST DEVELOPMENT, INC., a<br>Nevada corporation,<br><br>    fdba Castlebay 1, Inc.<br>    fdba Development Management, Inc.<br>    fdba Fairmont 1, Inc.<br>    fdba Glen Eagles 3, Inc.<br>    fdba Heritage 1, Inc.<br>    fdba Inverness 5, Inc.<br>    fdba Kensington 1, Inc.<br>    fdba Kingsbridge 1, Inc.<br>    fdba Promontory Estates, LLC<br>    fdba Promontory Point 4, Inc.<br>    fdba Silverado Springs 1, Inc.<br>    fdba Silverado Springs 2, Inc.<br>    fdba Tradition, Inc.<br>    fdba Windsor 1, Inc.<br><br>                                Debtor. | Case No.  BK-S-12-12349-MKN<br><br>Chapter 11<br><br>**VOTING DEADLINE: 3:00 P.M. PREVAILING<br>PACIFIC TIME ON SEPTEMBER 11, 2012** |

**CLASS 2 BALLOT: FOR USE BY ELIGIBLE HOLDER(S) OF**
**SECURED CLAIM TO ACCEPT OR REJECT**
**DEBTOR'S CHAPTER 11 PLAN OF REORGANIZATION DATED MAY 29, 2012**

American West Development, Inc. ("AWDI"), debtor and debtor in possession ("Debtor") in the above-captioned chapter 11 case (the "Chapter 11 Case"), is the proponent of Debtor's Chapter 11 Plan of Reorganization dated May 29, 2012 (the "Plan"), which was filed with the United States Bankruptcy Court for the District of Nevada (the "Bankruptcy Court") on May 29, 2012.

On _____, 2012, the Bankruptcy Court entered an order (the "Solicitation Order") approving certain procedures (the "Solicitation Procedures") for use by Debtor in soliciting votes to accept or reject the Plan. Pursuant to the Solicitation Procedures, Eligible Holders of Claims in Classes 2, 3 and 4 under the Plan are entitled to vote. If Debtor mailed this Ballot to you, then you are listed as an Eligible Holder entitled to vote.

Pursuant to the Solicitation Order, the Bankruptcy Court also approved certain "disclosure statements" as providing adequate information to assist you in deciding how to vote.  The Bankruptcy Court approved the Short Form Home Owner Disclosure Statement Prepared In Connection With Debtor's Chapter 11 Plan of Reorganization Dated May 29, 2012 (the "Home Owner Disclosure Statement") specifically for the use by Eligible Holders whose Claim is based on their ownership of a residence purchased from Debtor ("Home Owners").  The Bankruptcy Court also approved the Master Disclosure Statement Prepared In Connection With Debtor's Chapter 11 Plan of Reorganization Dated May 29, 2012 (the "Master Disclosure Statement"), which contains more detailed, technical and comprehensive information about the Plan.

You should review the Instructions included with this Ballot, the Master Disclosure Statement and any other documents you find helpful before you complete this Ballot.  You may wish to seek legal advice concerning the Plan and the classification and treatment of your Claim under the Plan.  This Ballot is for your Secured Claim, which has been placed in Class 2 under the Plan.  If you hold Claims in more than one Class, you will receive a ballot for each class in which you are entitled to vote.

**If your Ballot is not received by Garden City Group on or before the Voting Deadline of 3:00 P.M. (Prevailing Pacific Time) on September 11, 2012 at the applicable address set forth in the Instructions included with this Ballot, then your Ballot will not be counted unless otherwise agreed by Debtor or ordered by the Bankruptcy Court.**

**If the Plan is confirmed by the Bankruptcy Court, then it will be binding on you whether or not you vote.**

1

## ACCEPTANCE OR REJECTION OF THE PLAN

The undersigned, the **[duly authorized Administrative Agent for the]** Eligible Holders of a

Class 2 Secured Claim in the Chapter 11 Case in the unpaid amount of $49,635,000* hereby:

| Votes to **ACCEPT** the Plan** | **OR** | Votes to **REJECT** the Plan |
|---|---|---|

**\* Amount is pursuant and subject to the terms of the Restructuring, Lock-Up and Settlement Letter Agreement.**

**\*\*Under Section 12.4 of the Plan, by voting to accept the Plan you will be agreeing to grant the release set forth therein.**

**[Mark Only One of the Two Boxes Above:** ☒  ☐ **OR** ☐  ☒ **]**

Print or type name of creditor _____

Dated:_____  Telephone No. _____

Signature:  _____

If by Authorized Agent, Name and Title  _____

Address:  _____

Please check one or both of the below boxes if the above address is a change of address for the purpose(s) of:

☐ Future notice mailings in the Chapter 11 Case; and/or

☐  Distributions, if any, upon your Claim in the Chapter 11 Case.

**RETURN COMPLETED BALLOT TO:**

| **If By First Class Mail:**<br>**AW Bankruptcy Administration**<br>**c/o GCG, Inc.**<br>**PO Box 9748**<br>**Dublin, OH 43017- 5648** | **If By Overnight Delivery or Hand Delivery:**<br>**AW Bankruptcy Administration**<br>**c/o GCG, Inc.**<br>**5151 Blazer Parkway, Suite A**<br>**Dublin, OH 43017-9306** |
|---|---|

VG1 135874v1 05/29/12

## INSTRUCTIONS FOR COMPLETING THIS BALLOT

1.  All capitalized terms used but not otherwise defined in this Ballot (including in these Instructions) have the meaning ascribed to them in the Solicitation Procedures or the Plan.

2.  **Section 12.4 of the Plan provides that a Holder's vote to accept the Plan also shall be (and shall be deemed to be) an agreement by the accepting Holder to grant the release set forth therein.**

3.  The Ballot is does not constitute, and shall not be deemed to be: (a) a Proof of Claim; or (b) an assertion or admission of a Claim.

4.  To ensure that your vote is counted, you must:

    (a) complete the Ballot by (i) checking or otherwise marking one (and only one) of the two boxes provided to indicate your vote either to accept or reject the Plan and printing your name, title (if you are voting a Claim held by any type of entity other than a natural person—i.e. a trust, partnership, limited liability company or corporation) and supplying the address to which you would like any future communications and/or distributions to be sent; and

    (b) submit the completed Ballot, either by first class U.S. Mail, priority mail or personal delivery, so that it is **received on or before the Voting Deadline of 3:00 P.M. (Prevailing Pacific Time) on September 11, 2012 at the applicable address as follows:**

| **If By First Class Mail:**<br>**AW Bankruptcy Administration**<br>**c/o GCG, Inc.**<br>**PO Box 9748**<br>**Dublin, OH 43017- 5648** | **If By Overnight Delivery or Hand Delivery:**<br>**AW Bankruptcy Administration**<br>**c/o GCG, Inc.**<br>**5151 Blazer Parkway, Suite A**<br>**Dublin, OH 43017-9306** |
|---|---|

5.  Ballots may NOT be delivered via facsimile or electronic mail—Ballots sent via facsimile or electronic mail will NOT be counted. No completed Ballot should be sent to Debtor, Debtor's professionals (other than GCG) or any other party.

6.  GCG will date and time-stamp all Ballots as and when received. The method of delivery of Ballots to GCG by an Eligible Holder is at the election and risk of each Eligible Holder, and a Ballot will be considered delivered only when GCG actually receives an executed Ballot via one of the permitted forms of transmission. Ballots received after the Voting Deadline shall be rejected and not counted unless otherwise agreed by Debtor or ordered by the Bankruptcy Court.

7.  A person signing a Ballot in the capacity of trustee, executor, administrator, guardian, attorney in fact, officer of a corporation, or otherwise acting in a fiduciary or representative capacity must indicate such capacity when signing and, if required or requested by Debtor, must submit proper evidence to demonstrate such person's authority.

8.  Eligible Holders must vote all of their claims within a particular Impaired Class either to accept or reject the Plan and may not split votes for a particular Claim or within a particular Impaired Class. If an Eligible Holder purports to split its vote for a particular Claim, or to split votes for Claims in an Impaired Class (i.e. certain Claims to accept and certain Claims to reject the Plan), then all such Claims shall be deemed to be voted to accept the Plan. If multiple Ballots are received prior to the Voting Deadline from the same Eligible Holder with respect to the same Claim in an Impaired Class, then the last valid Ballot timely received shall be the only Ballot counted and shall supersede all such prior Ballots. If an Eligible Holder submits a Ballot that does not indicate whether the Claim is being voted to accept or reject the Plan, or that purports to both accept and reject the Plan, then such Claim shall be deemed to be voted to accept the Plan.

9.  Subject to contrary order of the Bankruptcy Court, Debtor and GCG shall have the exclusive right to apply the Solicitation Procedures to the tabulation of Ballots. Subject to contrary order of the Bankruptcy Court, Debtor may waive any defects or irregularities as to any particular Ballot in its sole discretion, at any time either before or after the Voting Deadline.

3

10.     Eligible Holders may cure any irregularities or deficiencies in a submitted Ballot prior to the Voting Deadline by submitting a corrected Ballot in accordance with the Ballot submission requirements set forth herein.

11.     Within five (5) days prior to the Confirmation Hearing, GCG shall file with the Bankruptcy Court a voting report (the "Voting Report"), which shall, among other things, list by Class (i) Ballots voted to accept the Plan, (ii) Ballots voted to reject the Plan, (iii) Class 4 Construction Defect Claims for which the Cash Out Election was made, (iv) Ballots that do not conform to these procedures or that contain any form of irregularity including, but not limited to, Ballots that are late, illegible (in whole or in material part), unidentifiable, lacking signatures or necessary information, damaged, or submitted by a party that is not an Eligible Holder.  Debtor shall not be under any duty to provide notification of defects or irregularities with respect to submitted Ballots other than by filing the Voting Report.

12.     Copies of the Home Owner Disclosure Statement, the Master Disclosure Statement, the Plan and other related documents are available at http://www.awdevelopmentreorg.com.    Paper copies of these documents can also be obtained by written request to GCG at **AW Bankruptcy Administration, c/o GCG, PO Box 9748, Dublin, OH 43017- 5648; Telephone Hotline: (877) 604-9532.  PLEASE NOTE THAT GCG IS NOT AUTHORIZED TO, AND WILL NOT, PROVIDE LEGAL ADVICE.**

VG1 135874v1 05/29/12

**UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEVADA**

In re:

AMERICAN WEST DEVELOPMENT, INC., a
Nevada corporation,

     fdba Castlebay 1, Inc.
     fdba Development Management, Inc.
     fdba Fairmont 1, Inc.
     fdba Glen Eagles 3, Inc.
     fdba Heritage 1, Inc.
     fdba Inverness 5, Inc.
     fdba Kensington 1, Inc.
     fdba Kingsbridge 1, Inc.
     fdba Promontory Estates, LLC
     fdba Promontory Point 4, Inc.
     fdba Silverado Springs 1, Inc.
     fdba Silverado Springs 2, Inc.
     fdba Tradition, Inc.
     fdba Windsor 1, Inc.

                  Debtor.

Case No.  BK-S-12-12349-MKN

Chapter 11

**VOTING DEADLINE: 3:00 P.M. PREVAILING
PACIFIC TIME ON SEPTEMBER 11, 2012**

**CLASS 3 BALLOT: FOR USE BY ELIGIBLE HOLDER OF
GENERAL UNSECURED CLAIM TO ACCEPT OR REJECT
DEBTOR'S CHAPTER 11 PLAN OF REORGANIZATION DATED MAY 29, 2012**

American West Development, Inc. ("AWDI"), debtor and debtor in possession ("Debtor") in the above-captioned chapter 11 case (the "Chapter 11 Case"), is the proponent of Debtor's Chapter 11 Plan of Reorganization dated May 29, 2012 (the "Plan"), which was filed with the United States Bankruptcy Court for the District of Nevada (the "Bankruptcy Court") on May 29, 2012.

On _____, 2012, the Bankruptcy Court entered an order (the "Solicitation Order") approving certain procedures (the "Solicitation Procedures") for use by Debtor in soliciting votes to accept or reject the Plan. Pursuant to the Solicitation Procedures, Eligible Holders of Claims in Classes 2, 3 and 4 under the Plan are entitled to vote. If Debtor mailed this Ballot to you, then you are listed as an Eligible Holder entitled to vote.

Pursuant to the Solicitation Order, the Bankruptcy Court also approved certain "disclosure statements" as providing adequate information to assist you in deciding how to vote.  The Bankruptcy Court approved the Short Form Home Owner Disclosure Statement Prepared In Connection With Debtor's Chapter 11 Plan of Reorganization Dated May 29, 2012 (the "Home Owner Disclosure Statement") specifically for the use by Eligible Holders whose Claim is based on their ownership of a residence purchased from Debtor ("Home Owners").  The Bankruptcy Court also approved the Master Disclosure Statement Prepared In Connection With Debtor's Chapter 11 Plan of Reorganization Dated May 29, 2012 (the "Master Disclosure Statement"), which contains more detailed, technical and comprehensive information about the Plan.

You should review the Instructions included with this Ballot, the Home Owner Disclosure Statement and/or the Master Disclosure Statement and any other documents you find helpful before you complete this Ballot.  You may wish to seek legal advice concerning the Plan and the classification and treatment of your Claim under the Plan.  This Ballot is for your General Unsecured Claim, which has been placed in Class 3 under the Plan.  If you hold Claims in more than one Class, you will receive a ballot for each class in which you are entitled to vote.

**If your Ballot is not received by Garden City Group on or before the Voting Deadline of 3:00 P.M. (Prevailing Pacific Time) on September 11, 2012 at the applicable address set forth in the Instructions included with this Ballot, then your Ballot will not be counted unless otherwise agreed by Debtor or ordered by the Bankruptcy Court.**

**If the Plan is confirmed by the Bankruptcy Court, then it will be binding on you whether or not you vote.**

1

## ACCEPTANCE OR REJECTION OF THE PLAN

The undersigned, the Eligible Holder of a Class 3 General Unsecured Claim in the Chapter 11

Case in the unpaid amount of $_____ hereby:

| Votes to **ACCEPT** the Plan* | **OR** | Votes to **REJECT** the Plan |
|---|---|---|

**\*  Under Section 12.4 of the Plan, by voting to accept the Plan you will be agreeing to grant the release set forth therein.**

**[Mark Only One of the Two Boxes Above:** ☒  ☐ **OR** ☐  ☒**]**

Print or type name of creditor _____

Dated:_____    Telephone No. _____

Signature: _____

If by Authorized Agent, Name and Title _____

Address: _____

Please check one or both of the below boxes if the above address is a change of address for the purpose(s) of:

☐  Future notice mailings in the Chapter 11 Case; and/or

☐  Distributions, if any, upon your Claim in the Chapter 11 Case.

## RETURN COMPLETED BALLOT TO:

| **If By First Class Mail:**<br>**AW Bankruptcy Administration**<br>**c/o GCG, Inc.**<br>**PO Box 9748**<br>**Dublin, OH 43017-5648** | **If By Overnight Delivery or Hand Delivery:**<br>**AW Bankruptcy Administration**<br>**c/o GCG, Inc.**<br>**5151 Blazer Parkway, Suite A**<br>**Dublin, OH 43017-9306** |
|---|---|

2

VG1 135875v1 05/29/12

**INSTRUCTIONS FOR COMPLETING THIS BALLOT**

1.    All capitalized terms used but not otherwise defined in this Ballot (including in these Instructions) have the meaning ascribed to them in the Solicitation Procedures or the Plan.

2.    **Section 12.4 of the Plan provides that a Holder's vote to accept the Plan also shall be (and shall be deemed to be) an agreement by the accepting Holder to grant the release set forth therein.**

3.    The Ballot is does not constitute, and shall not be deemed to be: (a) a Proof of Claim; or (b) an assertion or admission of a Claim.

4.    To ensure that your vote is counted, you must:

(a)    complete the Ballot by (i) checking or otherwise marking one (and only one) of the two boxes provided to indicate your vote either to accept or reject the Plan and printing your name, title (if you are voting a Claim held by any type of entity other than a natural person—i.e. a trust, partnership, limited liability company or corporation) and supplying the address to which you would like any future communications and/or distributions to be sent; and

(b)    submit the completed Ballot, either by first class U.S. Mail, priority mail or personal delivery, so that it is **received on or before the Voting Deadline of 3:00 P.M. (Prevailing Pacific Time) on September 11, 2012 at the applicable address as follows:**

| **If By First Class Mail:**<br>**AW Bankruptcy Administration**<br>**c/o GCG, Inc.**<br>**PO Box 9748**<br>**Dublin, OH 43017- 5648** | **If By Overnight Delivery or Hand Delivery:**<br>**AW Bankruptcy Administration**<br>**c/o GCG, Inc.**<br>**5151 Blazer Parkway, Suite A**<br>**Dublin, OH 43017-9306** |
| --- | --- |

5.    Ballots may NOT be delivered via facsimile or electronic mail—Ballots sent via facsimile or electronic mail will NOT be counted.  No completed Ballot should be sent to Debtor, Debtor's professionals (other than GCG) or any other party.

6.    GCG will date and time-stamp all Ballots as and when received.  The method of delivery of Ballots to GCG by an Eligible Holder is at the election and risk of each Eligible Holder, and a Ballot will be considered delivered only when GCG actually receives an executed Ballot via one of the permitted forms of transmission.  Ballots received after the Voting Deadline shall be rejected and not counted unless otherwise agreed by Debtor or ordered by the Bankruptcy Court.

7.    A person signing a Ballot in the capacity of trustee, executor, administrator, guardian, attorney in fact, officer of a corporation, or otherwise acting in a fiduciary or representative capacity must indicate such capacity when signing and, if required or requested by Debtor, must submit proper evidence to demonstrate such person's authority.

8.    Eligible Holders must vote all of their claims within a particular Impaired Class either to accept or reject the Plan and may not split votes for a particular Claim or within a particular Impaired Class.  If an Eligible Holder purports to split its vote for a particular Claim, or to split votes for Claims in an Impaired Class (i.e. certain Claims to accept and certain Claims to reject the Plan), then all such Claims shall be deemed to be voted to accept the Plan.  If multiple Ballots are received prior to the Voting Deadline from the same Eligible Holder with respect to the same Claim in an Impaired Class, then the last valid Ballot timely received shall be the only Ballot counted and  shall supersede all such prior Ballots.  If an Eligible Holder submits a Ballot that does not indicate whether the Claim is being voted to accept or reject the Plan, or that purports to both accept and reject the Plan, then such Claim shall be deemed to be voted to accept the Plan.

9.    Subject to contrary order of the Bankruptcy Court, Debtor and GCG shall have the exclusive right to apply the Solicitation Procedures to the tabulation of Ballots.   Subject to contrary order of the Bankruptcy Court, Debtor may waive any defects or irregularities as to any particular Ballot in its sole discretion, at any time either before or after the Voting Deadline.

3

10.    Eligible Holders may cure any irregularities or deficiencies in a submitted Ballot prior to the Voting Deadline by submitting a corrected Ballot in accordance with the Ballot submission requirements set forth herein.

11.    Within five (5) days prior to the Confirmation Hearing, GCG shall file with the Bankruptcy Court a voting report (the "Voting Report"), which shall, among other things, list by Class (i) Ballots voted to accept the Plan, (ii) Ballots voted to reject the Plan, (iii) Class 4 Construction Defect Claims for which the Cash Out Election was made, (iv) Ballots that do not conform to these procedures or that contain any form of irregularity including, but not limited to, Ballots that are late, illegible (in whole or in material part), unidentifiable, lacking signatures or necessary information, damaged, or submitted by a party that is not an Eligible Holder.  Debtor shall not be under any duty to provide notification of defects or irregularities with respect to submitted Ballots other than by filing the Voting Report.

12.    Copies of the Home Owner Disclosure Statement, the Master Disclosure Statement, the Plan and other related documents are available at http://www.awdevelopmentreorg.com.  Paper copies of these documents can also be obtained by written request to GCG at **AW Bankruptcy Administration, c/o GCG, PO Box 9748, Dublin, OH 43017-5648; Telephone Hotline: (877) 604-9532**.  **PLEASE NOTE THAT GCG IS NOT AUTHORIZED TO, AND WILL NOT, PROVIDE LEGAL ADVICE.**

**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF NEVADA**

In re:

AMERICAN WEST DEVELOPMENT, INC., a
Nevada corporation,

      fdba Castlebay 1, Inc.
      fdba Development Management, Inc.
      fdba Fairmont 1, Inc.
      fdba Glen Eagles 3, Inc.
      fdba Heritage 1, Inc.
      fdba Inverness 5, Inc.
      fdba Kensington 1, Inc.
      fdba Kingsbridge 1, Inc.
      fdba Promontory Estates, LLC
      fdba Promontory Point 4, Inc.
      fdba Silverado Springs 1, Inc.
      fdba Silverado Springs 2, Inc.
      fdba Tradition, Inc.
      fdba Windsor 1, Inc.

                       Debtor.

Case No.  BK-S-12-12349-MKN

Chapter 11

**VOTING DEADLINE: 3:00 P.M. PREVAILING
PACIFIC TIME ON SEPTEMBER 11, 2012**

<u>**CLASS 4 BALLOT**</u>**: FOR USE BY ELIGIBLE HOLDER OF
CONSTRUCTION DEFECT CLAIM TO (I) ACCEPT OR REJECT
DEBTOR'S CHAPTER 11 PLAN OF REORGANIZATION DATED MAY 29, 2012;
<u>AND (II) MAKE OR DECLINE CASH OUT ELECTION</u>**

      American West Development, Inc. ("<u>AWDI</u>"), debtor and debtor in possession ("<u>Debtor</u>") in the above-captioned chapter 11 case (the "<u>Chapter 11 Case</u>"), is the proponent of Debtor's Chapter 11 Plan of Reorganization Dated May 29, 2012 (the "<u>Plan</u>"), which was filed with the United States Bankruptcy Court for the District of Nevada (the "<u>Bankruptcy Court</u>") on May 29, 2012.

      On _____, 2012, the Bankruptcy Court entered an order (the "<u>Solicitation Order</u>") approving certain procedures (the "<u>Solicitation Procedures</u>") for use by Debtor in soliciting votes to accept or reject the Plan. Pursuant to the Solicitation Procedures, Eligible Holders of Claims in Classes 2, 3 and 4 under the Plan are entitled to vote. If Debtor mailed this Ballot to you, then you are listed as an Eligible Holder entitled to vote.

      Pursuant to the Solicitation Order, the Bankruptcy Court also approved certain "disclosure statements" as providing adequate information to assist you in deciding how to vote.  The Bankruptcy Court approved the Short Form Home Owner Disclosure Statement Prepared In Connection With Debtor's Chapter 11 Plan of Reorganization Dated May 29, 2012 (the "<u>Home Owner Disclosure Statement</u>") specifically for the use by Eligible Holders whose Claim is based on their ownership of a residence purchased from Debtor ("<u>Home Owners</u>").  The Bankruptcy Court also approved the Master Disclosure Statement Prepared In Connection With Debtor's Chapter 11 Plan of Reorganization Dated May 29, 2012 (the "<u>Master Disclosure Statement</u>"), which contains more detailed, technical and comprehensive information about the Plan.  Please refer to the Instructions included with this Ballot if you did not receive a Home Owner Disclosure Statement in the package with this Ballot, or if you wish to review the Master Disclosure Statement or a copy of the Plan.

      You should review the Instructions included with this Ballot, the Home Owner Disclosure Statement and any other documents you find helpful before you complete this Ballot.  You may wish to seek legal advice concerning the Plan and the classification and treatment of your Claim under the Plan.  This Ballot is for your Construction Defect Claim, which has been placed in Class 4 under the Plan.  If you hold Claims in more than one Class, you will receive a ballot for each class in which you are entitled to vote.

      **If your Ballot is not received by Garden City Group ("<u>GCG</u>") on or before the Voting Deadline of 3:00 p.m. Prevailing Pacific Time on September 11, 2012 at the applicable address set forth in the Instructions included with this Ballot, then your Ballot will not be counted unless otherwise agreed by Debtor or ordered by the Bankruptcy Court.**

1

VG1 135876v1 05/29/12

**Cash Out Election**: In addition to voting on the Plan, Eligible Holders of Class 4 Construction Defect Claims have the option to make (or decline) the Cash Out Election. In brief, the Cash Out Election provides the opportunity to receive a one-time Cash Out Payment from the Construction Defect Trust, regardless of whether any construction defects have arisen in the Home Owner's residence to date, in return for a comprehensive release of the Home Owner's ability to assert liability for Construction Defect Claims against Debtor and certain other parties, including Affiliates of Debtor. **You may only make the Cash Out Election if you vote to accept the Plan—if you vote to reject the Plan then you do not have the opportunity to make the Cash Out Election.** More information about the Cash Out Election can be found in the Home Owner Disclosure Statement and the Plan.

**If the Plan is confirmed by the Bankruptcy Court, then it will be binding on you whether or not you vote.**

## ACCEPTANCE OR REJECTION OF THE PLAN

## -- AND –

## CASH OUT ELECTION

The undersigned, the Eligible Holder of a Class 4 Construction Defect Claim in the Chapter 11 Case in the unpaid amount of $_____, hereby:

| Votes to **ACCEPT** the Plan* **AND** Opts to **MAKE** the Cash Out Election* | **OR** | Votes to **ACCEPT** the Plan* **AND** Opts to **DECLINE** the Cash Out Election | **OR** | Votes to **REJECT** the Plan** ** *Claims voted to reject the Plan are not eligible for the Cash Out Election* |
|---|---|---|---|---|

**\* Under Section 12.4 of the Plan, by voting to accept the Plan you will be agreeing to grant the release set forth therein. In addition, by opting to make the Cash Out Election you will be agreeing to grant the Cash Out Release, which is set forth in the Instructions included with this Ballot.**

**[Mark Only One of the Three Boxes Above: ☒ OR ☐ OR ☐ , NOT ☒ OR ☐ AND ☒]**

Print or type name of creditor _____

Dated:_____    Telephone No. _____

Signature: _____

If by Authorized Agent, Name and Title _____

Address: _____

Please check one or both of the below boxes if the above address is a change of address for the purpose(s) of:

☐    Future notice mailings in the Chapter 11 Case; and/or

☐    Distributions, if any, upon your Claim in the Chapter 11 Case.

2

## RETURN COMPLETED BALLOT TO:

| If By First Class Mail: | If By Overnight Delivery or Hand Delivery: |
|---|---|
| **AW Bankruptcy Administration**<br>**c/o GCG, Inc.**<br>**PO Box 9748**<br>**Dublin, OH 43017-5648** | **AW Bankruptcy Administration**<br>**c/o GCG, Inc.**<br>**5151 Blazer Parkway, Suite A**<br>**Dublin, OH 43017-9306** |

## INSTRUCTIONS FOR COMPLETING THIS BALLOT

1.  All capitalized terms used but not otherwise defined in this Ballot (including in these Instructions) have the meaning ascribed to them in the Solicitation Procedures or the Plan.

2.  **Section 12.4 of the Plan provides that a Holder's vote to accept the Plan also shall be (and shall be deemed to be) an agreement by the accepting Holder to grant the release set forth therein.**

3.  The Ballot is does not constitute, and shall not be deemed to be: (a) a Proof of Claim; or (b) an assertion or admission of a Claim.

4.  To ensure that your vote is counted, you must:

    (a) complete the Ballot by (i) checking or otherwise marking one (and only one) of the three boxes provided to indicate your vote either to accept or reject the Plan and (if your vote is to accept the Plan) your decision either to make or decline the Cash Out Election, (ii) signing and dating the Ballot, and (iii) printing your name, title (if you are voting a Claim held by any type of entity other than a natural person—i.e. a trust, partnership, limited liability company or corporation) and supplying the address to which you would like any future communications and/or distributions to be sent; and

    (b) submit the completed Ballot, either by first class U.S. Mail, priority mail or personal delivery, so that it is **received on or before the Voting Deadline of September 11, 2012 at 3:00 p.m. Prevailing Pacific Time at the applicable address as follows:**

| If By First Class Mail: | If By Overnight Delivery or Hand Delivery: |
|---|---|
| **AW Bankruptcy Administration**<br>**c/o GCG, Inc.**<br>**PO Box 9748**<br>**Dublin, OH 43017- 5648** | **AW Bankruptcy Administration**<br>**c/o GCG, Inc.**<br>**5151 Blazer Parkway, Suite A**<br>**Dublin, OH 43017-9306** |

5.  Ballots may NOT be delivered via facsimile or electronic mail—Ballots sent via facsimile or electronic mail will NOT be counted.  No completed Ballot should be sent to Debtor, Debtor's professionals (other than GCG) or any other party.

6.  GCG will date and time-stamp all Ballots as and when received.  The method of delivery of Ballots to GCG by an Eligible Holder is at the election and risk of each Eligible Holder, and a Ballot will be considered delivered only when GCG actually receives an executed Ballot via one of the permitted forms of transmission.  Ballots received after the Voting Deadline shall be rejected and not counted unless otherwise agreed by Debtor or ordered by the Bankruptcy Court.

7.  A person signing a Ballot in the capacity of trustee, executor, administrator, guardian, attorney in fact, officer of a corporation, or otherwise acting in a fiduciary or representative capacity must indicate such capacity when signing and, if required or requested by Debtor, must submit proper evidence to demonstrate such person's authority.

8.  Eligible Holders of Class 4 Construction Defect Claims must either (i) vote to accept the Plan and make the Cash Out Election, (ii) vote to accept the Plan and decline the Cash Out Election, or (iii) vote to reject the Plan.  Eligible Holders of Class 4 Construction Defect Claims may not vote to reject the Plan and make the Cash Out Election.  If an Eligible Holder of a Class 4 Construction Defect Claim purports to vote to reject the Plan but still make the Cash Out Election, or to abstain from voting to accept or reject the Plan but still make the Cash Out Election, then such Claim shall be deemed to be voted to accept the Plan.

3

9.      The Plan provides that, effective immediately upon receipt of the Cash Out Payment without any further action or approval, **Eligible Holders of Class 4 Construction Defect Claims who make the Cash Out Election shall (and shall be deemed to) grant a release (the "Cash Out Release") pursuant to which:**

> **Each such Holder shall completely, conclusively, absolutely, unconditionally, irrevocably, and forever release, waive, void, extinguish and discharge Reorganized Debtor and its Affiliate, Debtor and its Affiliate, the Estate, the Assets, the Distribution Agent, the Professionals and any of their Related Persons or their respective assets and property from any and all Claims, Causes of Action, and any other obligations, rights, suits, damages, judgments, debts, remedies and liabilities whatsoever, including any Claims or Causes of Action that could be asserted on behalf of or against Debtor, whether known or unknown, foreseen or unforeseen, liquidated or unliquidated, fixed or contingent, matured or unmatured, existing or hereafter arising, in law, equity or otherwise, that such Holder would have been legally entitled to assert in its own right (whether individually, derivatively or collectively), based in whole or in part upon such Holder's purchase or ownership of a residence constructed by Debtor or any of its Affiliates, or upon any other act or omission, transaction, agreement, event or other occurrence taking place on or before the Effective Date, in any way relating or pertaining to Debtor, Reorganized Debtor or their respective assets, property and Estate, the Chapter 11 Case, and the negotiation, formulation and preparation of the Plan, the Disclosure Statement, or any related agreements, instruments or other document including, without limitation, all of the documents included in the Plan Supplement.**

10.     Eligible Holders must vote all of their claims within a particular Impaired Class either to accept or reject the Plan and may not split votes for a particular Claim or within a particular Impaired Class.  If an Eligible Holder purports to split its vote for a particular Claim, or to split votes for Claims in an Impaired Class (i.e. certain Claims to accept and certain Claims to reject the Plan), then all such Claims shall be deemed to be voted to accept the Plan.  If multiple Ballots are received prior to the Voting Deadline from the same Eligible Holder with respect to the same Claim in an Impaired Class, then the last valid Ballot timely received shall be the only Ballot counted and  shall supersede all such prior Ballots.  If an Eligible Holder submits a Ballot that does not indicate whether the Claim is being voted to accept or reject the Plan, or that purports to both accept and reject the Plan, then such Claim shall be deemed to be voted to accept the Plan.

11.     Subject to contrary order of the Bankruptcy Court, Debtor and GCG shall have the exclusive right to apply the Solicitation Procedures to the tabulation of Ballots.  Subject to contrary order of the Bankruptcy Court, Debtor may waive any defects or irregularities as to any particular Ballot in its sole discretion, at any time either before or after the Voting Deadline.

12.     Eligible Holders may cure any irregularities or deficiencies in a submitted Ballot prior to the Voting Deadline by submitting a corrected Ballot in accordance with the Ballot submission requirements set forth herein.

13.     Within five (5) days prior to the Confirmation Hearing, GCG shall file with the Bankruptcy Court a voting report (the "Voting Report"), which shall, among other things, list by Class (i) Ballots voted to accept the Plan, (ii) Ballots voted to reject the Plan, (iii) Class 4 Construction Defect Claims for which the Cash Out Election was made, (iv) Ballots that do not conform to these procedures or that contain any form of irregularity including, but not limited to, Ballots that are late, illegible (in whole or in material part), unidentifiable, lacking signatures or necessary information, damaged, or submitted by a party that is not an Eligible Holder.  Debtor shall not be under any duty to provide notification of defects or irregularities with respect to submitted Ballots other than by filing the Voting Report.

14.     Copies of the Home Owner Disclosure Statement, the Master Disclosure Statement, the Plan and other related documents are available at http://www.awdevelopmentreorg.com.    Paper copies of these documents can also be obtained by written request to GCG at **AW Bankruptcy Administration, c/o GCG, PO Box 9748, Dublin, OH 43017-5648; Telephone Hotline: (877) 604-9532.  PLEASE NOTE THAT GCG IS NOT AUTHORIZED TO, AND WILL NOT, PROVIDE LEGAL ADVICE.**

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

FOX ROTHSCHILD LLP
3800 Howard Hughes Parkway, Suite 500
Las Vegas, Nevada 89169
(702) 262-6899
(702) 597-5503 (fax)

## EXHIBIT "E"

### DISPUTED CLAIM NOTICE

**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF NEVADA**

| | |
|---|---|
| In re:<br><br>AMERICAN WEST DEVELOPMENT, INC., a<br>Nevada corporation<br><br>    fdba Castlebay 1, Inc.<br>    fdba Development Management, Inc.<br>    fdba Fairmont 1, Inc.<br>    fdba Glen Eagles 3, Inc.<br>    fdba Heritage 1, Inc.<br>    fdba Inverness 5, Inc.<br>    fdba Kensington 1, Inc.<br>    fdba Kingsbridge 1, Inc.<br>    fdba Promontory Estates, LLC<br>    fdba Promontory Point 4, Inc.<br>    fdba Silverado Springs 1, Inc.<br>    fdba Silverado Springs 2, Inc.<br>    fdba Tradition, Inc.<br>    fdba Windsor 1, Inc.<br><br>                           Debtor. | Case No.  BK-S-12-12349-MKN<br><br>Chapter 11 |

## DISPUTED CLAIM NOTICE

        **PLEASE TAKE NOTICE** that on _____, 2012, the United States Bankruptcy Court for the District of Nevada (the "<u>Bankruptcy Court</u>") entered an order (the "<u>Solicitation Order</u>") (i) approving the adequacy of the Disclosure Statements, (ii) approving certain procedures, deadlines and forms for the use by American West Development, Inc. ("<u>AWDI</u>"), debtor and debtor in possession ("<u>Debtor</u>") in the above-captioned chapter 11 case (the "<u>Chapter 11 Case</u>"), in soliciting votes to accept or reject Debtor's Chapter 11 Plan of Reorganization dated May 29, 2012 (the "<u>Plan</u>"), and (iii) granting related relief.

        **PLEASE TAKE FURTHER NOTICE** that pursuant to the Solicitation Order, the Bankruptcy Court approved the Solicitation Procedures attached as Exhibit "A" to the Solicitation Order.  The Solicitation Procedures govern various important aspects of the means by which Debtor will solicit votes on and seek confirmation of the Plan.

        <u>**You are receiving this Notice because (i) you are listed as the Holder of a Claim as to which an objection has been filed that remains unresolved, and (ii) you otherwise would be entitled to vote to accept or reject the Plan but for the pendency of such objection.**</u>

        <u>**PLEASE TAKE NOTICE**</u> that in order to attempt to become entitled to vote to accept or reject the Plan, you may either (a) file a timely response to the pending objection to justify the allowance of your Claim for voting purposes or otherwise, unless the time to respond has already expired, (b) attempt to reach written agreement with Debtor with respect thereto, or (c) seek relief from the Bankruptcy Court, subject to applicable provisions of the Bankruptcy Code, Bankruptcy Rules and Local Rules.

        **PLEASE TAKE FURTHER NOTICE** that copies of the Plan, either or both of the Disclosure Statements, the Plan Supplement, and other documents can be obtained online at http://www.awdevelopmentreorg.com or upon request from **AW Bankruptcy Administration, c/o GCG, PO Box 9748, Dublin, OH 43017-5648; Telephone Hotline: (877) 604-9532**.  **PLEASE NOTE THAT GCG IS NOT AUTHORIZED TO, AND WILL NOT, PROVIDE LEGAL ADVICE.**

DATED: _____, 2012

                                          **FOX ROTHSCHILD LLP**

                                        By _____

                                            BRETT A. AXELROD, ESQ. (Nevada Bar No. 5859)
                                          MICAELA RUSTIA MOORE, ESQ. (Nevada Bar No. 9676)
                                          3800 Howard Hughes Parkway, Suite 500
                                          Las Vegas, Nevada 89169
                                          *Counsel for Debtor*