1  CLARK HILL, PLLC
   CANDACE C. CARLYON, ESQ.
2  Nevada Bar No. 2666
3  3800 Howard Hughes Parkway, Suite 500
   Las Vegas, NV 89169
4  Telephone No. (702) 862-8300
   Facsimile No.  (702) 862-8400
5  Email: ccarlyon@clarkhill.com
   *Counsel for Scott Lyle Graves Canarelli*
6

7              UNITED STATES BANKRUPTCY COURT

8                    DISTRICT OF NEVADA

9  In Re:                              | Case No.: BK-S-12-12349-MKN
                                       | Chapter: 11
10 American West Development, Inc.,
11                   Reorganized Debtor.  DECLARATION OF DANA DWIGGINS,
                                       ESQ., IN SUPPORT OF SCOTT LYLE
12                                     GRAVES CANARELLI'S OPPOSITION
                                       TO     REORGANIZED     **DEBTOR'S**
13                                     **MOTION (I) TO REOPEN CHAPTER 11
                                       CASE; AND (II) FOR AN ORDER TO**
14                                     SHOW   CAUSE   WHY   SCOTT   LYLE
                                       GRAVES    CANARELLI    AND    HIS
15                                     COUNSEL SHOULD NOT BE HELD IN
                                       CONTEMPT  FOR  VIOLATING  PLAN
16                                     DISCHARGE,        EXCULPATION,
                                       RELEASE     AND     INJUNCTIVE
17                                     PROVISIONS

18                                     DATE:  March 21, 2018

19                                     TIME:  9:30 a.m.

20

21      Dana Dwiggins, Esq., being first duly sworn according to law, deposes and says:

22      1.      The following facts are personally known to me, and if called to testify

23 thereto, I could and would do so, under oath.

24      2.      I am a partner at Solomon Dwiggins & Freer, Ltd., attorneys for Scott Lyle

25

26 Graves Canarelli ("Scott", "Scott Canarelli", or "Petitioner"), and make this Declaration in

27 support of Petitioner's Opposition to the Reorganized Debtor's Motion (I) to Reopen Chapter

28 11 Case; and (II) for an Order to Show Cause why Scott Lyle Graves Canarelli and his

1   Counsel Should not be Held in Contempt for Violating Plan Discharge, Exculpation, Release

2   And Injunctive Provisions (the "Motion").

3          3.      The documents which are attached to the Opposition as Exhibits 2, 6, and 7

4   are true and correct copies of pleadings on file in the case designated the Matter of the Scott

5   Lyle Graves Canarelli Irrevocable Trust, dated February 24, 1998, Eighth Judicial District

6   Court Case No.:  P-13-07912-T (the "Probate Court Proceedings"), pending in Dept. No.

7   XXVI/PROBATE, before the Hon. Judge Gloria Sturman (the "Probate Court").

8

9          4.      As reflected in the Opposition, the Original Petition in the Probate Proceeding

10  was filed on September 30, 2013.  Trustee Edward Lubbers filed a response to the Original

11  Petition, and on October 24, 2013, the Probate Court entered an order compelling the

12  Trustees to provide an inventory and accounting for the assets of the Irrevocable Trust for the

13  time period between 1998-2013.

14

15         5.      It was not until approximately September of 2016 that the Trustees finally

16  submitted purported accountings as required by the Probate Court.  There are outstanding

17  issues relating to the accounting and the reconciliation of the financial information contained

18  therein with tax returns and other financials.

19

20         6.      On June 27, 2017, Petitioner filed the Surcharge Petition.  Former Trustees

21  Lawrence Canarelli, and Heidi Canarelli and Trustee Edward Lubbers filed a response to the

22  Surcharge Petition, which did not raise any defense with respect to the ADWI bankruptcy.

23         7.      In connection with preparation for trial on the Surcharge Petition, on October

24  9, 2017, Petitioner served a subpoena on AWDI.  On November 30, 2017, AWDI responded

25  by submitting a written objection to the subpoena. In response to such objections, I sent a

26

27  letter on January 9, 2018, responding to the objections, but agreeing to narrow the scope of

28  the subpoena.  Counsel for the AWDI thereafter attended a meet and confer with me on

1    January 23, 2018, but we were unable to reach an agreement.  Petitioner has not yet filed a

2    motion to compel with regard to the subpoena issued to AWDI.

3              8.    A hearing was held before the Discovery Commissioner on March 2, 2018

4    with regard to discovery directed to other entities (despite the Trustees' request to postpone

5    the hearing until after the instant Motion is heard by this Court).    The Discovery

6    Commissioner recommended, in part, that the Trustees produce documents specific to certain

7    requests made in written discovery.

8    

9              I declare under penalty of perjury that the foregoing is true and correct.

10             Dated this 7th day of March, 2018.

11    

12                                                            /s/ Dana Dwiggins
                                                             DANA DWIGGINS, ESQ.

13    

14    

15    

16    

17    

18    

19    

20    

21    

22    

23    

24    

25    

26    

27    

28