BRETT A. AXELROD (NV Bar No. 5859)
AMANDA HUNT (NV Bar No. 12644)
**FOX ROTHSCHILD LLP**
1980 Festival Plaza Drive, Suite 700
Las Vegas, Nevada 89135
Telephone: (702) 262-6899
Facsimile: (702) 597-5503
Email: baxelrod@foxrothschild.com
       ahunt@foxrothschild.com
       nschultz@foxrothschild.com

*Counsel for Reorganized Debtor
American West Development, Inc.*

Electronically Filed March 14, 2018

# UNITED STATES BANKRUPTCY COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| In Re:<br><br>American West Development, Inc.,<br><br>Reorganized Debtor. | Case No. BK-S-12-12349-MKN<br><br>Chapter 11<br><br>**REORGANIZED DEBTOR'S REPLY IN SUPPORT OF MOTION (I) TO REOPEN CHAPTER 11 CASE; AND (II) FOR AN ORDER TO SHOW CAUSE WHY SCOTT LYLE GRAVES CANARELLI AND HIS COUNSEL SHOULD NOT BE HELD IN CONTEMPT FOR VIOLATING PLAN DISCHARGE, EXCULPATION, RELEASE AND INJUNCTIVE PROVISIONS**<br><br>Hearing Date:   March 21, 2018<br>Hearing Time:   9:30 a.m. |

Reorganized Debtor American West Development, Inc. ("AWDI"), by and through its counsel, the law firm of Fox Rothschild LLP, respectfully submits its Reply in support of the *Reorganized Debtor's Motion (I) To Reopen Chapter 11 Case; and (II) For An Order To Show Cause Why Scott Lyle Graves Canarelli And His Counsel Should Not Be Held In Contempt For Violating Plan Discharge, Exculpation, Release And Injunctive Provisions* [Docket No. 1081] (the "Motion") and in response to

the Opposition [Docket No. 1093] (the "Opposition") to the Motion filed by Scott Lyle Graves Canarelli ("Scott Canarelli") and joined [Docket Nos. 1095 and 1096] by Solomon Dwiggins & Freer, Ltd. (the "Solomon Firm").

This Reply is made and based on the following points and authorities, the papers and pleadings on file in this Chapter 11 Case, and the arguments of counsel to be presented at the hearing on this Motion.

## INTRODUCTION

1. AWDI has never taken the position that the Plan[1] bars Scott Canarelli from asserting any claim against any party that truly arises on or after the Plan's March 15, 2013 effective date (the "Plan Effective Date"). Indeed, the parties agree that the Plan clearly and properly limits its discharge, release, exculpation and injunctive provisions to claims that arose prior to the Plan Effective Date. If Scott Canarelli was asserting claims that plainly and exclusively arose post-Plan Effective Date, then the parties would not be before this Court. AWDI filed the Motion because Scott Canarelli's claims and discovery in the Probate Court Action[2] focus extensively on pre-Plan Effective Date matters.

2. In the Opposition, Scott Canarelli and his counsel repeatedly assure this Court that the claims he asserts in the Probate Court Action are limited solely to relief against Edward Lubbers, Heidi Canarelli and Lawrence D. Canarelli, in their respective capacities as Trustees of The Scott Lyle Graves Canarelli Irrevocable Trust, dated February 24, 1998 (the "SLGC Trust"), for acts occurring on or after the Plan Effective Date in connection with the "Purchase Agreement."[3] See ¶20, infra (collecting statements from the Opposition).

3. Based on these assurances, AWDI's counsel drafted the form of proposed order attached hereto as Exhibit 1 (the "Proposed Order"). The Proposed Order resolves the Motion by maintaining a

---

[1] Capitalized terms used but not otherwise defined herein have the meaning ascribed in the Motion.

[2] The "Probate Court Action" is the action referred to in the Motion as the "State Court Action". AWDI uses "Probate Court" in this Reply in lieu of "State Court" for greater ease of reference in connection with the Opposition (which refers to the "Probate Court").

[3] The "Purchase Agreement" refers to the Agreement that is attached as Exhibit 4 to the Petition filed on September 30, 2013 commencing the Probate Court Action.

clear distinction between <u>post</u>-Plan Effective Date claims (which may proceed without reference to the Plan or the involvement of this Court) and <u>pre</u>-Plan Effective Date claims (which require leave of this Court or written consent in order to proceed against AWDI or any other Released Party(ies)).

4. However, notwithstanding repeated assurances to this Court in the Opposition, Scott Canarelli's counsel has not confirmed that the Proposed Order is acceptable. Therefore, AWDI submits the Proposed Order to this Court in the interests of reaching a pragmatic resolution to the Motion. To make the record clear (and in case the Court is not inclined to enter the Proposed Order for any reason), AWDI also responds to the merits of the Opposition to demonstrate that it is without merit and should be overruled in favor of the relief requested in the Motion.

## **REPLY**

**A.     The Proposed Order Provides a Pragmatic Resolution to the Motion.**

5. From the outset, AWDI has taken a measured and neutral approach regarding the Probate Court Action. AWDI has not been named explicitly as a party and has not appeared in the Probate Court Action. The first involvement that AWDI had in the Probate Court Action was when it was served with a third-party subpoena by Scott Canarelli and the Solomon Firm in October 2017. In response, AWDI retained counsel who had an unsuccessful meet and confer exchange with Solomon Firm in January 2018. Shortly thereafter, AWDI received the Indemnity Letter from various affiliates seeking indemnification for the overbroad discovery served by Scott Canarelli and the Solomon Firm.[4]

6. Thus, AWDI resorted to filing the Motion only <u>after</u> the meet and confer attempt was unsuccessful and <u>after</u> AWDI received the Indemnity Letter. Since filing the Motion, AWDI's bankruptcy counsel has attempted to negotiate a consensual resolution of the Motion with Scott Canarelli's counsel but has not yet been able to reach an agreement.

7. After reviewing the Opposition, counsel for AWDI prepared the Proposed Order. AWDI drafted the Proposed Order to provide a pragmatic resolution to the Motion based upon representations made in the Opposition. Despite having provided Scott Canarelli's counsel with the Proposed Order on

---

[4] During this meet and confer exchange, the Solomon Firm stated it sought documentation from the various affiliates so it could assert a claim for a constructive trust against those various affiliates. <u>See</u> Braster Decl. [Docket No. 1086] at ¶8.

3

ACTIVE\54176112.v3-3/14/18

1  March 12, 2018, Scott Canarelli's counsel had not provided any response to the Proposed Order as of
2  the time AWDI's counsel finalized this Reply on March 14.  Therefore, AWDI hereby submits the
3  Proposed Order to the Court as a pragmatic resolution to the Motion.

4      8.    The Proposed Order address three key issues:

- **First Issue**: Scope of Relief in the Probate Court Action (Proposed Order at ¶1a and 1b).  The Proposed Order memorializes what Scott Canarelli and his counsel repeatedly represent in the Opposition: the relief sought in the Probate Court Action is limited solely to relief against Edward Lubbers, Heidi Canarelli and Lawrence D. Canarelli, in their respective capacities as Trustees of the SLGC Trust, for acts occurring on or after the Plan Effective Date in connection with the Purchase Agreement.  See ¶20, *infra*.

- **Second Issue**: Third-Party Discovery in the Probate Court Action (Proposed Order at ¶1c).  In recognition of the post-Plan Effective Date limitation, the Proposed Order provides for the third-party discovery previously propounded by Scott Canarelli on AWDI and other Released Parties to be withdrawn, without prejudice to Scott Canarelli propounding third-party discovery that is consistent with this limited post-Plan Effective Date scope.

- **Third Issue**: Future/Additional Claims Against Released Parties (Proposed Order at ¶1d).  In order to provide an organized process by which Scott Canarelli may seek to bring additional or future claims against Released Parties, the Proposed Order provides that Scott Canarelli shall either obtain leave of this Court or written consent from a Released Party prior to bringing any claim for relief relating to facts or circumstances occurring prior to the Plan Effective Date.

9.  Thus, the Proposed Order strikes a careful balance between the interests of AWDI in maintaining the protections provided to it and the Released Parties under the Plan, and the interests of Scott Canarelli in having his post-Plan Effective Date claims adjudicated.

///

///

4

ACTIVE\54176112.v3-3/14/18

**B.     The Court Should Overrule the Opposition.**

10.     Beyond providing a clear basis for entry of the Proposed Order, the Opposition fails to present any credible challenge to the merits of the Motion. As set forth in greater detail below: (i) there is no bar to the Court reopening AWDI's Chapter 11 case; (ii) this Court has jurisdiction to grant the relief requested in the Motion; (iii) Scott Canarelli continues to seek relief in the Probate Court that is barred under the Plan; and (iv) AWDI has not waived any right to seek relief for Plan violations. Therefore, whether in connection with entry of the Proposed Order or entry of an Order to Show Cause, the Court should overrule the Opposition.

i)     <u>There is no bar to the Court reopening AWDI's Chapter 11 Case.</u>

11.     Scott Canarelli and the Solomon Firm argue that this case should not be reopened because the estate has been fully administered. In support of this argument, the Opposition cites AWDI's motion for a final decree [Docket No. 963] filed in 2013 and a motion filed in 2015 involving Zurich American Insurance Company [Docket No. 1062]. *See* Opposition at p. 20.

12.     This argument is a *non sequitur*. Full administration of the estate is an express requirement under section 350(a) of the Bankruptcy Code for a bankruptcy case to be closed in the first place. If an estate's full administration at the time the case is initially closed (and at points in time thereafter) bars the case from being reopened for some new cause at a later date, then a case could never be reopened under section 350(b) of the Bankruptcy Code after being closed.

13.     The actions of Scott Canarelli and the Solomon Firm in the Probate Court Action in violation of the Plan's discharge, release, exculpation and injunctive provisions constitute newly arising cause to reopen this Chapter 11 Case. If a closed bankruptcy case could not be reopened to enforce a debtor's discharge or other chapter 11 plan protections, then debtors would never seek to close their bankruptcy cases for fear of losing the benefit of their discharge. Therefore, there is no bar to the Court reopening AWDI's Chapter 11 case.[5]

---

[5] After AWDI filed the Motion, the Court's staff advised AWDI's counsel that the ECF/PACER docket does not list this case as closed. However, this appears to be merely a technical glitch because the Court's *Order Entering Final Decree* [Docket No. 1039] clearly states that "IT IS HERBY ORDERED that a Final Decree is entered closing this case without prejudice to the reopening of this case for further administration."

5

ii) <u>This Court Has Jurisdiction to Grant the Relief Requested in the Motion.</u>

14. Scott Canarelli and his counsel argue that this Court lacks jurisdiction to grant the relief requested in the Motion because the claims asserted in the Surcharge Petition "are between non-debtors, and can have no impact on the administration of the estate. . . arise under state law, and do not depend on bankruptcy law for determination." *See* Opposition at p. 22.

15. This argument fails to address the specific relief requested in the Motion. The Motion first seeks to reopen AWDI's Chapter 11 case, which the Court undeniably has jurisdiction to do pursuant to section 350(b) of the Bankruptcy Code.

16. Once AWDI's Chapter 11 case is reopened, the Motion then seeks entry of an Order to Show Cause why Scott Canarelli and the Solomon Firm should not be held in contempt for violating the discharge, exculpation, release and injunctive provisions of the Plan. As noted in the Motion, the Court undeniably retained broad jurisdiction under the Plan and Confirmation Order to grant this relief. *See* Motion at p. 15 (citing Plan §§ 11.1(e), (n), (o), and (r) and § 11.2; Confirmation Order at ¶26).

17. Thus, the Motion does not ask this Court to assume jurisdiction to <u>decide</u> any claims that Scott Canarelli may be asserting against third parties (or otherwise) in the Probate Court Action. Instead, the Motion requests that the Court put the burden on Scott Canarelli and the Solomon Firm to demonstrate that the relief sought in the Probate Court Action does not violate the Plan's discharge, exculpation, release and injunctive provisions.

18. The necessity for this relief is due to the overbroad nature of the claims asserted by Scott Canarelli and the Solomon Firm in the Probate Court Action. *See* Motion at § II(A). If it was absolutely clear that none of the relief sought by Scott Canarelli in the Probate Court Action violated the Plan's discharge, exculpation, release or injunctive provisions, then there would be no cause for contempt and the Motion would be moot. However, as set forth in Section B(iii) *infra*, the Opposition further demonstrate that Scott Canarelli continues to seek relief that violates protections granted to AWDI and other parties under the Plan.

iii) <u>Scott Canarelli Continues to Seek Relief in the Probate Court That is Barred Under the Plan.</u>

19. Scott Canarelli and the Solomon Firm devote the bulk of the Opposition to arguing that the Plan is inapplicable by its own terms to any of the relief sought in the Probate Court Action.

6

ACTIVE\54176112.v3-3/14/18

20. The primary grounds for this argument are representations by Scott Canarelli and his counsel about the purportedly limited scope of the relief sought in the Probate Court Action:

- The claims raised in the Surcharge Petition "arose <u>post-effective date</u>. . . against non-debtors"). Opposition at p. 3 (emphasis added).

- "The prayer for relief contained in the Surcharge Petition seeks no relief whatsoever against the Debtor or Reorganized Debtor, and is limited to damages stemming from the <u>post-Effective Date Purchase Agreement</u> and the conduct of the Trustees <u>after the execution of the Purchase Agreement</u>…." <u>Id.</u> at p. 7 (emphasis added).

- "Each of these requests [in the Surcharge Petition prayer for relief] seeks relief based on activities of the Trustees with respect to the Irrevocable Trust, all of which activities occurred <u>on or after May 31, 2013, the date of the Purchase Agreement</u>." <u>Id.</u> at p. 8 (emphasis added).

- "The claims asserted and relief sought in the Surcharge Petition are solely against the Trustees and <u>related to the Purchase Agreement, which was executed on May 31, 2013, after the March 15, 2013, effective Date of the Plan</u>." <u>Id.</u> at p. 9 (emphasis added).

- Scott Canarelli is only seeking damages <u>in connection with this Purchase Agreement</u> "relating to the (1) asset sale; (2) timing of the sale; (3) purchase price; and (4) deferral of principal payments under the Notes." <u>Id.</u> (emphasis added)

- "Simply put, Scott alleges that the Trustees are further personally liable to the Trust for their breach of duties as a result of *their* failure to enforce the terms of the Promissory Notes given in connection with <u>the post-Effective Date Purchase Agreement</u> between three non-debtor parties-the Irrevocable Trust, SJR, and the Siblings Trusts." <u>Id.</u> at p. 10 (*emphasis* in original, <u>emphasis added</u>).

- "Scott does <u>not seek to enforce any pre-Effective Date Claim</u> or enforce any liens or successor liability claim against the Reorganized Debtor." <u>Id.</u> at 13 (emphasis added).

- "… Scott raises no claims which relate to the reorganization process…." <u>Id.</u> at p. 14.

ACTIVE\54176112.v3-3/14/18

- "The Surcharge Petition does not include any claims against the Debtor, Reorganized Debtor, or their respective assets, nor attempt to establish liability for actions related to the AWDI reorganization…." Id.
- "[T]he Purchase Agreement was entered into after the Effective Date, and thus is not subject to the Injunction provision." Id. at p. 15 (emphasis added).
- "The Surcharge Petition does not seek any relief against the Debtor, AWDI. Rather, the Surcharge Petition seeks relief from the Trustees of the Irrevocable Trust." Id.
- "The claims raised in the Surcharge Petition are against the Trustees based on their post-Effective Date breach of fiduciary duties to the Irrevocable Trust." Id. at p. 18 (emphasis added).

21. If Scott Canarelli and the Solomon Firm truly intended to abide by these statements, then they would have no objection to the relief provided in the Proposed Order, which simply memorializes the representations that they made to this Court throughout the Opposition. Indeed, the Motion could have been resolved long ago if Scott Canarelli and the Solomon Firm were true to their word.

22. Yet despite receiving the Proposed Order on March 12, Scott Canarelli's counsel has not confirmed that the Proposed Order is acceptable (or even responded otherwise). The refusal of Scott Canarelli and the Solomon Firm to resolve the Motion on the terms of the Proposed Order would be completely inconsistent with the representations they made to this Court in the Opposition. This refusal, however, would be entirely consistent with other actions by Scott Canarelli and his counsel in connection with the Probate Court Action and the Motion, and thus provide further grounds for the Court to grant the Motion.

23. The subpoena that Scott Canarelli issued to AWDI (the "AWDI Subpoena") is a prime example of this. See Exhibit 1 attached to Braster Decl. [Docket No. 1086]. As noted in the Motion, the AWDI Subpoena calls for the production of an extensive scope of documents, which focus intently and specifically on AWDI, this Chapter 11 case, and matters that preceded both the Plan Effective Date and (in many instances) the Petition Date. See AWDI Subpoena at pp. 3-5 (seeking, *inter alia,* any "documentation that identify, concern or relate to the series of transaction in and around January and February, 2012 to reorganize and recapitalize [AWDI] and its affiliated companies [citing Docket No.

8

ACTIVE\54176112.v3-3/14/18

716]…capital contribution agreement and any amendments wherein [AWDI] was recapitalized [citing Docket No. 716]… documentation that identify, concern or relate to payments made from [AWDI] or its affiliated companies to the [SLGC Trust])… documentation that identify, concern or relate to loans to [AWDI] or its affiliated companies from the [SLGC Trust]"). Counsel for AWDI interposed timely objections to the AWDI Subpoena and attempted to meet and confer with the Solomon Firm, but was unable to reach an agreement (necessitating the filing of the Motion).

24. The Solomon Firm has acknowledged to AWDI's counsel that the AWDI Subpoena (and its other third-party discovery) is "overly broad." However, although Scott Canarelli and his counsel claim that they have agreed to "narrow the scope" of the AWDI Subpoena, see Opposition at p. 9, the "narrowed" scope merely rolls the timeframe for a handful of the AWDI Subpoena document requests forward to January 1, 2012 (still prior to the Petition Date) or January 1, 2013 (still prior to the Plan Effective Date). For several of the other AWDI Subpoena document requests, Scott Canarelli has not agreed to any time limitations at all. See, e.g. AWDI Subpoena Request Nos. 1, 2, 5, 7, 8, 9, 10, 11, 14, 15, 16, 17, 18, 19 and 23.

25. Indeed, Scott Canarelli's counsel explained to counsel for AWDI that the primary purpose for seeking this extensive pre-Plan Effective Date discovery from AWDI is to prosecute Scott Canarelli's demand for an "accounting" of the assets and inventory of the SLGC Trust for the period between 1998 and 2012. Although the Introduction and the Fact section of the Opposition mentions these accountings (which reach back over a decade before the Petition Date), the Argument section does not reference them at all (where instead Scott Canarelli and his counsel repeatedly assure the Court that the relief sought in the Probate Court Action is solely limited to post-Plan Effective Date acts in connection with the Purchase Agreement). Compare Opposition pp. 1-2, 4-5 with pp. 9-18 quoted in ¶20 *supra*).

26. The Opposition cites authority for the proposition that a debtor may still be subject to discovery regarding pre-discharge claims as long as no relief is sought against the debtor. See

ACTIVE\54176112.v3-3/14/18

Opposition at §F, p. 20.[6]  Although Scott Canarelli and his counsel repeatedly assert that they are not seeking relief from any party other than the Trustees, the scope of the AWDI Subpoena and other third-party discovery makes it clear that Scott Canarelli and the Solomon Firm are eagerly searching for a basis to assert claims against AWDI and other Released Parties.  See Opposition at p. 10.  And even if Scott Canarelli never asserts a claim directly against AWDI, AWDI effectively will be forced to subsidize his claims against the Trustees and other Released Parties if it is required to provide reams and reams of documents in response to the admittedly "overly broad" AWDI Subpoena and/or satisfy the demands made in the Indemnity Letter.

27.  Another specific example is the constructive trust relief that Scott Canarelli seeks in the Surcharge Petition.  In the Surcharge Petition prayer for relief, Scott Canarelli requests "That the Court impose a constructive trust and recoup the 'benefit' conferred upon the Canarelli Entities. . . ."  See Motion at ¶¶ 24-25, 40 and 42 (citing Surcharge Petition).  The Surcharge Petition defines the "Canarelli Entities" as "Larry and Heidi, the Siblings Trust and/or entities owned by Larry, Heidi and/or the Siblings Trust."  Surcharge Petition at ¶ 90.  Therefore, the Surcharge Petition seeks to impose a constructive trust and recoup the "benefit" conferred upon Larry and Heidi Canarelli, the Siblings Trusts and/or entities owned by Larry, Heidi and/or the Siblings Trust.

28.  Counsel for AWDI repeatedly have attempted to obtain clarity from Scott Canarelli's counsel regarding the scope of this constructive trust relief, which is extremely wide in scope and would appear to cover AWDI and its affiliates.  AWDI has never received a clear answer, and the Opposition does not provide one.  Instead, the Opposition continues to muddy the already turgid water.  See Opposition at p. 10 ("Simply put, Scott alleges that the Trustees are further personally liable to the Trust for their breach of duties as a result of their failure to enforce the terms of the Promissory Notes given in connection with the post-Effective Date Purchase Agreement between three non-debtor parties-the Irrevocable Trust, SJR, and the Siblings Trusts." (emphasis in original)).  If Scott Canarelli is only

---

[6] Notably, Section 12.4(a) of the Plan includes a release of all "rights. . . whatsoever," which is more expansive than just liabilities and thus includes the right to take discovery from AWDI and the other Released Parties regarding pre-Plan Effective Date matters that are subject to the release.  See Plan at § 12.4(a).

10

seeking to hold the Trustees liable, then why does the Surcharge Petition seek constructive trust relief directed at not only Larry and Heidi Canarelli, but also the Siblings Trusts <u>and/or entities owned by Larry, Heidi and/or the Sibling Trusts (such as AWDI)</u>? And why hasn't the Solomon Firm amended the Surcharge Petition to make it clear that the only relief sought is against the Trustees?

29. The Opposition contains the following telling answer by way of caveat: "While Scott *may* be able to assert *additional* claims against other individuals, trusts or entities, he has not [yet] done so." Opposition at p. 10 (emphasis is original). This statement provides a perfect explanation for why the Solomon Firm has not narrowed Scott Canarelli's claims in the Probate Court Action to be consistent with the representations made to this Court in the Opposition, but instead continues to pursue extremely broad third-party discovery from AWDI and other Released Parties focusing extensively on this Chapter 11 case and other pre-Plan Effective Date (and even pre-Petition Date) matters.

30. Scott Canarelli and the Solomon Firm couch the Probate Court Action as being limited to post-Plan Effective Date claims against the Trustees in connection with the Purchase Agreement, but they are really conducting a fishing expedition and campaign of attrition at rapidly mounting expense to AWDI. If they are allowed to proceed, there is no doubt that AWDI will be materially prejudiced in frustration of the Plan's discharge, release, exculpation and injunctive provisions.

31. Scott Canarelli and his counsel cannot have it both ways. If they intend to abide by their representations to this Court, then they have no grounds to object to entry of the Proposed Order. If not, then the Court has conclusive proof in support of the Motion to enter Order to Show Cause re: contempt.

iv) <u>AWDI Has Not Waived Any Right to Seek Relief for Plan Violations.</u>

32. Scott Canarelli and the Solomon Firm argue that the right to seek relief for their violations of the Plan was waived in the Probate Court Action.

33. This argument improperly conflates AWDI with the responding parties in the Probate Court Action. AWDI filed the Motion. Even the Opposition recognizes that AWDI is not a party and has not appeared in the Probate Court Action. <u>See</u> Opposition at p. 9 ("the only involvement of ADWI [sic] in the Probate Court Proceedings is its duty to respond to a subpoena"). Whether or not the responding parties who have appeared in the Probate Court Action raised any objection or defense

11

based upon the Plan has no bearing on AWDI's right to seek relief for violations of the Plan.

34.   Moreover, AWDI has timely asserted its rights under the Plan. AWDI promptly retained counsel in response to Scott Canarelli's third-party discovery, and AWDI's counsel raised the issue of this bankruptcy case in connection with the meet and confer process that proceeded into January 2018. When AWDI was unable to resolve the matter consensually, and after receiving the Indemnity Letter, AWDI promptly filed the Motion.

35.   Therefore, AWDI has not waived any right to seek relief against Scott Canarelli and the Solomon Firm for their violations of the Plan's discharge, release, exculpation and injunctive provisions.

### III.
### CONCLUSION

Based on the foregoing, AWDI respectfully requests that the Court overrule the Opposition, grant this Motion, and enter either (i) the Proposed Order, or (ii) an Order to Show Cause why Scott Canarelli and the Solomon Firm should not be held in contempt.

Dated this 14th day of March, 2018.

**FOX ROTHSCHILD LLP**

By   */s/Brett A. Axelrod*
     BRETT A. AXELROD (NV Bar No. 5859)
     AMANDA HUNT (NV Bar No. 12644)
     1980 Festival Plaza Drive, Suite 700
     Las Vegas, Nevada 89135
  *Counsel for Reorganized Debtor*
  *American West Development, Inc.*

FOX ROTHSCHILD LLP
1980 Festival Plaza Drive, Suite 700
Las Vegas, Nevada 89135
(702) 262-6899
(702) 597-5503 (fax)

ACTIVE\54176112.v3-3/14/18

# EXHIBIT 1
## PROPOSED ORDER

BRETT A. AXELROD (NV Bar No. 5859)
AMANDA HUNT (NV Bar No. 12644)
**FOX ROTHSCHILD LLP**
1980 Festival Plaza Drive, Suite 700
Las Vegas, Nevada 89135
Telephone: (702) 262-6899
Facsimile: (702) 597-5503
Email: baxelrod@foxrothschild.com
       ahunt@foxrothschild.com

*Counsel for Reorganized Debtor
American West Development, Inc.*

## UNITED STATES BANKRUPTCY COURT

### DISTRICT OF NEVADA

| | |
|---|---|
| In re | Case No. BK-S-12-12349-MKN |
| AMERICAN WEST DEVELOPMENT, INC., | Chapter 11 |
| Reorganized Debtor. | **[PROPOSED] ORDER ON REORGANIZED DEBTOR'S MOTION (I) TO REOPEN CHAPTER 11 CASE; AND (II) FOR AN ORDER TO SHOW CAUSE WHY SCOTT LYLE GRAVES CANARELLI AND HIS COUNSEL SHOULD NOT BE HELD IN CONTEMPT FOR VIOLATING PLAN DISCHARGE, EXCULPATION, RELEASE AND INJUNCTIVE PROVISIONS**<br><br>Hearing date: March 21, 2018<br>Hearing time: 9:30 a.m. |

ACTIVE\54157422.v1-3/14/18                           1

On March 21, 2018, the Court held a hearing on the *Reorganized Debtor's Motion (I) To Reopen Chapter 11 Case; and (II) For An Order To Show Cause Why Scott Lyle Graves Canarelli And His Counsel Should Not Be Held In Contempt For Violating Plan Discharge, Exculpation, Release And Injunctive Provisions* [Docket No. 1081] (the "Motion").

The Court has reviewed and considered the Motion, the Opposition to the Motion [Docket No. 1093] (the "Opposition") filed by Scott Lyle Graves Canarelli ("Scott Canarelli"), the Joinders in the Opposition [Docket Nos. 1095 and 1096] filed by Solomon Dwiggins & Freer, Ltd. (the "Solomon Firm"), the Reply in support of the Motion [Docket No. ___] filed by Reorganized Debtor American West Development, Inc. ("AWDI"), the other papers filed in connection with the Motion, and statements of counsel on the record at the hearing on the Motion.

**THEREFORE, IT HEREBY IS ORDERED THAT:**

1. The Motion is granted solely to the extent necessary for the Court to make the following findings, conclusions and rulings:

    a. Scott Canarelli and the Solomon Firm have confirmed that the relief sought in the District Court for the County of Clark, Nevada (the "Probate Court"), Case Number P-13-078912-T (the "Probate Court Action") is limited solely to relief against Edward Lubbers, Heidi Canarelli and Lawrence D. Canarelli, in their respective capacities as Trustees of The Scott Lyle Graves Canarelli Irrevocable Trust, dated February 24, 1998, for acts occurring on or after March 15, 2013 (the "Plan Effective Date") relating to (1) the sale of assets pursuant to the Agreement that is attached as Exhibit 4 to the Petition filed on September 30, 2013 commencing the Probate Court Action, (2) the timing of such sale, (3) the purchase price of such sale, and (4) deferral of principal payments under the Notes entered into in connection with such sale;

    b. Scott Canarelli and/or the Solomon Firm shall file notice of this Order in the Probate Court Action within five (5) business days of the entry of this Order, and take such other actions as are reasonably necessary to inform the Probate Court that the relief sought in the Probate Court Action is limited as set forth in the

foregoing subparagraph a., including, if necessary, amending the pleadings in the Probate Court Action to conform to this Order.

    c.   Scott Canarelli and/or the Solomon Firm shall withdraw all of the third-party subpoenas issued in the Probate Court Action against: (i) AWDI; (ii) Lawrence and Heidi Canarelli, as trustees for The Alyssa Lawren Graves Canarelli Irrevocable Trust, The Jeffrey Lawrence Graves Canarelli Irrevocable Trust and the Stacia Leigh Lemke Irrevocable Trust; and (iii) AWH Ventures, Inc., CanFam Holdings, LLC, Colorado Housing Investments, Inc., Colorado Land Investments, Inc., Heritage 2, Inc., Indiana Investments, Inc., Inverness Investments, Inc., Inverness 2010, LLC, Model Renting Company, Inc., SJA Acquisitions, LLC, and SJSA Investments, LLC; provided that such withdrawal shall be without prejudice to Scott Canarelli seeking discovery in the Probate Court Action against any such party(ies) that is consistent with the limitation set forth in subparagraph a. above.

    d.   Scott Canarelli shall not seek any relief, whether in the Probate Court Action or otherwise, against AWDI or any other Released Party (as defined in the Plan[1]) relating in any way to facts or circumstances that occurred prior to the Plan Effective Date without (i) leave of this Court, or (ii) written consent of such Released Party(ies).

2.    Upon entry of this Order, this case shall be closed, without prejudice to any subsequent reopening for cause.

3.    Nothing herein limits, enlarges or otherwise affects the Court's jurisdiction, if any, over any matter implicated in the Probate Court Action or otherwise.

///

---

[1] *First Amended Chapter 11 Plan of Reorganization* [Docket No. 714] (as corrected in accordance with the *Errata to Debtor's First Amended Chapter 11 Plan of Reorganization* [Docket No. 784] (the "Plan").

3

ACTIVE\54157422.v1-3/14/18

1  Prepared and respectfully submitted by:

2  **FOX ROTHSCHILD LLP**

3  By  /s/ Brett A. Axelrod
4     BRETT A. AXELROD (NV Bar No. 5859)
   AMANDA HUNT (NV Bar No. 12644)
5     1980 Festival Plaza Drive, Suite 700
   Las Vegas, Nevada 89135
6  *Counsel for Reorganized Debtor*
7  *American West Development, Inc.*

FOX ROTHSCHILD LLP
1980 Festival Plaza Drive, Suite 700
Las Vegas, Nevada 89135
(702) 262-6899
(702) 597-5503 (fax)

ACTIVE\54157422.v1-3/14/18    4