BRETT A. AXELROD (NV Bar No. 5859)
AMANDA HUNT (NV Bar No. 12644)
**FOX ROTHSCHILD LLP**
1980 Festival Plaza Drive, Suite 700
Las Vegas, Nevada 89135
Telephone: (702) 262-6899
Facsimile: (702) 597-5503
Email: baxelrod@foxrothschild.com
       ahunt@foxrothschild.com

*Counsel for Reorganized Debtor
American West Development, Inc.*

Electronically Filed March 16, 2018

# UNITED STATES BANKRUPTCY COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| In Re:<br><br>American West Development, Inc.,<br><br>Reorganized Debtor. | Case No. BK-S-12-12349-MKN<br><br>Chapter 11<br><br>**DECLARATION OF NATHAN A. SCHULTZ IN SUPPORT OF REORGANIZED DEBTOR'S STATEMENT REGARDING EX PARTE APPLICATION ON ORDER SHORTENING TIME TO HEAR MOTION TO STRIKE […]** |

I, Nathan A. Schultz, declare under penalty of perjury as follows:

1. I am over the age of 18, have personal knowledge of the facts in this matter, and if called upon to testify, could and would do so.

2. I am an attorney working with Fox Rothschild LLP in connection with the *Reorganized Debtor's Motion (I) To Reopen Chapter 11 Case; and (II) For An Order To Show Cause Why Scott Lyle Graves Canarelli And His Counsel Should Not Be Held In Contempt For Violating Plan Discharge, Exculpation, Release And Injunctive Provisions; Or, in the Alternative, Motion for Leave to File Supplemental Declarations* [Docket No. 1081]. I make this declaration in support of the Statement of American West Development, Inc. regarding the *Ex Parte Application on Order*

1

*Shortening to Hear Motion to Strike Portions of Reply to Opposition to Reorganized Debtor's Motion (I) To Reopen Chapter 11 Case; and (II) For An Order To Show Cause Why Scott Lyle Graves Canarelli And His Counsel Should Not Be Held In Contempt For Violating Plan Discharge, Exculpation, Release And Injunctive Provisions; Or, in the Alternative, Motion for Leave to File Supplemental Declarations* [Docket No. 1101] (the "OST Application").

3.	Attached hereto as Exhibit 1 are true and correct copies of email communications between counsel for AWDI and counsel for Scott Canarelli regarding the OST Application.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

DATED this 16th day of March, 2018.

	*/s/ Nathan A. Schultz*
	NATHAN A. SCHULTZ

FOX ROTHSCHILD LLP
1980 Festival Plaza Drive, Suite 700
Las Vegas, Nevada 89135
(702) 262-6899
(702) 597-5503 (fax)

# EXHIBIT 1

# Schultz, Nathan

| | |
|---|---|
| **From:** | Schultz, Nathan |
| **Sent:** | Thursday, March 15, 2018 7:19 PM |
| **To:** | 'Carlyon, Candace C.' |
| **Cc:** | Axelrod, Brett A.; 'Dana Dwiggins' |
| **Subject:** | RE: [EXT] FW: American West |

Please be advised that you are now on notice of my demand that you do not file in the public record anything containing the completely false, inappropriate and offensive allegation regarding an "abusive and sexist tirade", the made-up quote, and any other character attacks.  I personally reserve all rights against you, your co-counsel and your client should you make the unfortunate decision to put such a baseless and damaging allegation in the public record.

I am not going to otherwise address the substance of what you've written in your pleading.  AWDI reserves all rights with respect thereto.

If you truly believe that it is in the best interests of your client to file something like this, then we will not oppose a request to have it heard on 3/21 provided that (1) it does not contain blatant, offensive and damaging falsehoods, and (2) we have a fair opportunity to respond in writing so that the record is clear.

What do you propose in that regard?

-----Original Message-----
From: Carlyon, Candace C. [mailto:ccarlyon@clarkhill.com]
Sent: Thursday, March 15, 2018 6:45 PM
To: Schultz, Nathan <NSchultz@foxrothschild.com>
Cc: Axelrod, Brett A. <BAxelrod@foxrothschild.com>; 'Dana Dwiggins' <ddwiggins@sdfnvlaw.com>
Subject: RE: [EXT] FW: American West

See attached, and please advise whether you consent to the OST

Candace C. Carlyon
Clark Hill, PLLC
3800 Howard Hughes Parkway
Suite 500
Las Vegas, NV 89169
ccarlyon@clarkhill.com

Direct:   702.697.7530
Main:    702.862.8300
Fax:     702.862.8400


Candace C. Carlyon
Senior Attorney

CLARK HILL PLLC
3800 Howard Hughes Parkway, Suite 500 | Las Vegas, Nevada 89169

1

(702) 697-7530 (direct) | (702) 862-8400 (fax) CCarlyon@ClarkHill.com | https://protect-us.mimecast.com/s/yJjZCrkEmOH6675Dt7Z9iM?domain=clarkhill.com

_____
From: Schultz, Nathan [NSchultz@foxrothschild.com]
Sent: Thursday, March 15, 2018 6:39 PM
To: Carlyon, Candace C.
Cc: Axelrod, Brett A.; 'Dana Dwiggins'
Subject: RE: [EXT] FW: American West

It is not at all clear to me what the basis of your Declaration or Motion to Strike would be, so I would reserve all rights on behalf of AWDI with respect to any such filing.

But if we are talking solely about either a Motion to Strike some portion of the Reply that AWDI filed, or a Motion to permit you/your client to file some additional pleading or declaration regarding matters that we covered in the Reply, we would not object to an OST.

-----Original Message-----
From: Carlyon, Candace C. [mailto:ccarlyon@clarkhill.com]
Sent: Thursday, March 15, 2018 5:46 PM
To: Schultz, Nathan <NSchultz@foxrothschild.com>
Cc: Axelrod, Brett A. <BAxelrod@foxrothschild.com>; 'Dana Dwiggins' <ddwiggins@sdfnvlaw.com>
Subject: RE: [EXT] FW: American West

Mr. Schultz:  Can you advise as to whether Debtor consents to the OST?

Candace C. Carlyon
Clark Hill, PLLC
3800 Howard Hughes Parkway
Suite 500
Las Vegas, NV 89169
ccarlyon@clarkhill.com

Direct:   702.697.7530
Main:    702.862.8300
Fax:     702.862.8400


Candace C. Carlyon
Senior Attorney

CLARK HILL PLLC
3800 Howard Hughes Parkway, Suite 500 | Las Vegas, Nevada 89169
(702) 697-7530 (direct) | (702) 862-8400 (fax) CCarlyon@ClarkHill.com | https://protect-us.mimecast.com/s/cZ8yCv2Y8Vu44qDyFXas-p?domain=clarkhill.com

_____
From: Schultz, Nathan [NSchultz@foxrothschild.com]
Sent: Thursday, March 15, 2018 5:05 PM
To: Carlyon, Candace C.
Cc: Axelrod, Brett A.; 'Dana Dwiggins'

2

Subject: RE: [EXT] FW: American West

Candace:

We are reviewing this and your email to Brett of a few minutes later.  Brett is otherwise occupied, so I will be providing a response.

Nathan
From: "Carlyon, Candace C." <ccarlyon@clarkhill.com<mailto:ccarlyon@clarkhill.com>>
Date: March 15, 2018 at 10:41:51 AM PDT
To: "Axelrod, Brett A." <BAxelrod@foxrothschild.com<mailto:BAxelrod@foxrothschild.com>>
Cc: "Dana Dwiggins (ddwiggins@sdfnvlaw.com<mailto:ddwiggins@sdfnvlaw.com>)" <ddwiggins@sdfnvlaw.com<mailto:ddwiggins@sdfnvlaw.com>>, "Rodriguez, Nancy C." <NRodriguez@ClarkHill.com<mailto:NRodriguez@ClarkHill.com>>
Subject: [EXT] FW: American West
Dear Brett:

While I appreciate that the attached is a shift from your initial proposal, the proposal suffers from fundamental problems.

First, the concept that your client (controlled by the Canarelli's) will not respond to discovery is simply unacceptable.  As you now know, the Canarelli's were ordered to provide the required accountings with respect to the trust assets.   Their refusal to do so, and the refusal of Mr. Evans, who is clearly under Larry Canerelli's control, to do so, led to the discovery being required.  To the extent that you believe that the discovery, as limited by my co-counsel (as discussed below) is objectionable, the proper place for such a contest is before the discovery commissioner and the Probate Court.

Second, the idea that the Motion should be "granted" is not acceptable.   Instead, the stipulation which I proposed (and which you omitted from your Reply, which inappropriately (1) referenced settlement communications; and (2) hugely inappropriately concealed the other side of those negotiations) would satisfy any legitimate concern that the Debtor has.  If your goal was truly to protect the Debtor from discharged claims rather than to protect the Trustees from complying with their duties and the Probate Court orders, I do not understand why you continue to press your motion, rather than to execute the proffered stipulation.

Third, Subparagraph (b) of the Proposed Order seeks to unilaterally limit my client's claims to those you identify versus the actual claims asserted, i.e., it completely omits my client's claims relating to the accounting of the Trust and the former Trustees' failure to account, as ordered by the Probate court.

With regard to the scope of the discovery propounded:

-       I note that the discovery was first sought from the Trustees.  Notwithstanding the fact that Mr. Canarelli clearly controls the Debtor, he asserted that:  "[t]he Canarellis object to the Requests as oppressive and unduly burdensome to the extent they seek documents in the possession, custody, or control of non-parties, including but not limited to the LLC, the Corporations and the Siblings' Trusts," and the discovery is "obtainable with less burden or expense from another source."  It is disingenuous to now assert that such discovery will not be provided by the Debtor.

-       Further, the discovery sought seeks to obtain the underlining source information relied upon by the appraiser in complying the business valuation ordered by the Probate Court.  This is directly related to the claim you concede is not affected by the bankruptcy, as set forth in subparagraph (a) of your Proposed Order -- namely, the timing of the sale and purchase price of the sale.  Indeed, the business valuation expressly states that the appraiser assumed the accuracy of the financial submitted to him by Robert Evans.  This is potentially a false assumption, based upon the inability of the accountants to reconcile the accounts.  Scott is therefore seeking from the third parties all of the financial information

3

relating to the entities that were subject to the sale for the purposes of determining the actual value, including the source information utilized by Mr. Evans in compiling the financial information submitted to the appraiser.  This requires, in part, discovery back to 2012, if not earlier.  This issue was, in part, the subject of a motion to compel heard before the Discovery Commissioner on March 2, 2018, wherein she recognized the relevancy of the discovery sought and ordered production of the same.

-       As my client is additionally claiming that the Former Trustees breached their fiduciary obligations by selling all of the business interests at the time they did, my client is entitled to all financial information relating to the sale subsequent to the sales date of March 30, 2013 through the present.

-       My client asserts that the asserted reason for the sale (that the loan agreement prohibited distributions) is a pretext, and that, if there was such a limitation under the loan agreement with the Debtor, it applied equally to purchasing Siblings' Trusts.

-       As to the accountings submitted by the Former Trustees, as ordered by the Probate Court, the accountings do not reconcile with the financials of the business entities encompassed within the accountings of the Trust or the tax returns.  As the Probate Court ordered the Former Trustees to account from 1998 – present, Scott is entitled to seek discovery relating to the same.  The Former Trustees are personally liable to my client to the extent the accountings are not accurate, irrespective of the time frame.



Candace C. Carlyon
Senior Attorney

CLARK HILL PLLC
3800 Howard Hughes Parkway, Suite 500 | Las Vegas, Nevada 89169
(702) 697-7530 (direct) | (702) 862-8400 (fax) CCarlyon@ClarkHill.com<mailto:CCarlyon@ClarkHill.com> | https://protect-us.mimecast.com/s/cZ8yCv2Y8Vu44qDyFXas-p?domain=clarkhill.com<https://protect-us.mimecast.com/s/AzmACwpEKWuPPkDRi9W5gr?domain=clarkhill.com>
From: Axelrod, Brett A. [mailto:BAxelrod@foxrothschild.com]
Sent: Monday, March 12, 2018 10:26 AM
To: Carlyon, Candace C.; Dana Dwiggins (ddwiggins@sdfnvlaw.com<mailto:ddwiggins@sdfnvlaw.com>); Rodriguez, Nancy C.; Robertson, Cristina P.
Cc: Schultz, Nathan
Subject: FW: American West



Candace:

Thank you for providing additional background.  I have conferred with Mr. Evans and neither he nor AWDI agrees with how you've characterized the course of events.  This isn't the appropriate context to hash it out all of the discrepancies, so I will just note for the record that your characterization is disputed.

As to the discovery itself, Dana previously suggested she would be willing to withdraw the AWDI subpoena entirely if doing so would resolve the Motion to Reopen/OSC.  However, it is clear from your message below and the Opposition

4

that she continues to press significant pre-Plan Effective Date discovery against AWDI (and other Released Parties) notwithstanding repeated assurances to the Probate Court and the Bankruptcy Court that Scott's claims are limited solely to relief against the Trustees related to post-Plan Effective Date actions in connection with the Purchase Agreement.

As I explained in our discussion, there are three primary issues that AWDI needs to have addressed in order to resolve the Motion to Reopen/OSC:

1) The scope of the relief sought in the Probate Court.

2) The third-party discovery sought in the Probate Court.

3) The potential for additional/future pre-Plan Effective Date claims against AWDI and/or Released Parties.

The following hearsay material from Dana's declaration filed in the Probate Court mis-states my discussion with you by suggesting that Issue #2 (with respect to the AWDI subpoena only) is all that needs to be addressed in order to resolve the Motion.

This email contains information that may be confidential and/or privileged. If you are not the intended recipient, or the employee or agent authorized to receive for the intended recipient, you may not copy, disclose or use any contents in this email. If you have received this email in error, please immediately notify the sender at Fox Rothschild LLP by replying to this email and delete the original and reply emails. Thank you.
LEGAL NOTICE: This e-mail, along with any attachment(s), is considered confidential and may be legally privileged. If you have received it in error, please notify us immediately by reply e-mail and then delete this message from your system. Please do not copy it or use it for any purposes, or disclose its contents to any other person. Thank you for your cooperation.

This email contains information that may be confidential and/or privileged.
If you are not the intended recipient, or the employee or agent authorized to receive for the intended recipient, you may not copy, disclose or use any contents in this email.
If you have received this email in error, please immediately notify the sender at Fox Rothschild LLP by replying to this email and delete the original and reply emails. Thank you.